[No. 2911-1. Division One. March 8, 1976.]

UNITED PACIFIC INSURANCE COMPANY, *Respondent*, v. ROY McCARTHY, ET AL, *Appellants*.

*Krutch, Lindell, Donnelly, Dempcy, Lageschulte & Judkins, P.S., Bo Barker, Richard F. Krutch, Keller, Rohrback, Waldo, Moren & Hiscock*, and *Fred R. Butterworth*, for appellants.

*Hackett, Beecher & Hart* and *Steven A. Branom*, for respondent.

JAMES, J.—This is a declaratory judgment action brought by plaintiff, United Pacific Insurance Company, pursuant to RCW 7.24. United sought and received a favorable judgment with respect to its obligations arising out of an automobile liability insurance policy issued to defendant, Roy

McCarthy. United contended and the trial judge held that the policy imposed no duty upon United to defend a personal injury action brought by defendant, Craig Rhyne, against McCarthy. The trial judge further held that the policy did not afford Rhyne uninsured motorist coverage. We agree.

The policy had been first purchased by McCarthy in 1968 and had been renewed semiannually thereafter. Roy McCarthy and Nelma McCarthy were married on August 11, 1972. Craig Rhyne is the natural son of Nelma McCarthy by a prior marriage.

Rhyne sustained personal injuries on October 13, 1972, while helping McCarthy start his automobile. Rhyne was standing between McCarthy's car and another car attaching battery jumper cables when one of the cars was struck by a third car.

Rhyne brought suit against both McCarthy and the driver of the third car. Settlement by way of covenant not to sue was negotiated with the driver of the third car. Rhyne initially had joined his mother as a defendant but subsequently dismissed the action against her. The posture of that case, pending by stipulation until disposition of this appeal, is that Rhyne seeks a judgment against Roy McCarthy and the marital community of Roy and Nelma McCarthy. Nelma McCarthy has no liability exposure as to her separate property.

United contends that coverage for Rhyne's claim against McCarthy is expressly excluded by the insurance contract. The exclusionary language upon which United relies is as follows:

Exclusions—what this Part of the policy does not cover
This Part 1[1] does not apply to:

. . .

5. bodily injury to (a) any person, if such person is related by blood, marriage or adoption to and is a resident of the same household as (i) the insured or (ii) the

---

[1]"PART 1. . . . [United] will pay for an insured all damages which the insured shall be legally obligated to pay because of: A. bodily injury sustained by any person, . . ."

person for whose use of the automobile or trailer the insured is legally responsible, or (b) the name insured;

The trial judge found as a fact that:

Craig Rhyne is related by blood to his mother, Nelma McCarthy, and by marriage to his stepfather, Roy McCarthy.

Finding of fact No. 2. It is undisputed that Rhyne was a resident of the McCarthy household at the time of the accident.

Defendants concede that Rhyne is related "by blood" to his natural mother, Nelma McCarthy, but contend that that relationship does not invoke the exclusion because Nelma is not "the" insured within the meaning of the exclusionary language. To reach this conclusion, defendants rely upon a "severability of interests clause" contained in the policy. That clause is as follows:

The insurance afforded under this Part 1 applies separately to each insured against whom claim is made or suit is brought, but the inclusion of more than one insured shall not operate to increase the limits of [United's] liability.

Defendants argue that the effect of the "severability" clause is to limit the application of the "household or family exclusionary clause" to cases where *the party being sued* has the relationship with the injured party which requires exclusion. Defendants point out that Rhyne is not suing his mother to whom he *is* related "by blood." He is suing *only* Roy McCarthy. They contend that the relationship between Rhyne and Roy McCarthy is not within the definition of the exclusionary clause.

In support of this contention, defendants first assert that the trial judge's determination that Rhyne is related "by marriage" to his stepfather, Roy McCarthy, is a conclusion of law rather than a finding of fact. We agree. The determination of the meaning of a term in an insurance contract is a question of law. *Rew v. Beneficial Standard Life Ins. Co.*, 41 Wn.2d 577, 250 P.2d 956, 35 A.L.R.2d 891 (1952); *State Farm Mut. Auto. Ins. Co. v. Phillips*, 2 Wn. App. 169, 467 P.2d 189, 46 A.L.R.3d 1013 (1970).

Defendants urge us to determine that as a matter of law the exclusionary clause is inoperative because Rhyne is not related to Roy McCarthy by blood, adoption, or marriage. They reason that (1) Rhyne is not McCarthy's natural son, (2) Rhyne and McCarthy are not married to each other, and (3) McCarthy did not adopt Rhyne.

■■ A basic rule of the law of contracts is that the terms used in an insurance policy are to be understood in their plain, ordinary, and popular sense. *Kane v. Order of United Commercial Travelers of America*, 3 Wn.2d 355, 100 P.2d 1036 (1940). While it is true that ambiguous language will be construed to favor an insured, courts should not find ambiguity where none exists. *Rew v. Beneficial Standard Life Ins. Co., supra.* Our inquiry must be, therefore, whether an average person, in reading the exclusionary clause in McCarthy's policy, would understand that Rhyne's claim would not be covered.

By dictionary definition, a "relative" is "a person connected with another by blood or affinity." *Webster's Third New International Dictionary* (1969). "Affinity" means *"relationship* by marriage (as between a husband and his wife's blood relatives)." (Italics ours.) *Webster's Third New International Dictionary* (1969). The word "step" is used to designate one who is *"related* by virtue of a remarriage (as of a parent) and not by blood." (Italics ours.) *Webster's Third New International Dictionary* (1969).

We find no ambiguity in the language of the exclusionary clause. We are satisfied that the average person would understand that by his mother's marriage, Rhyne became "related" to his stepfather, McCarthy.

> The language of insurance policies is to be interpreted in accordance with the way it would be understood by the average man, rather than in a technical sense. *Zinn v. Equitable Life Ins. Co.*, 6 Wn.2d 379, 107 P.2d 921 (1940).

*Dairyland Ins. Co. v. Ward*, 83 Wn.2d 353, 358, 517 P.2d 966 (1974). Because of our conclusion that Rhyne is related to Roy McCarthy "by marriage," we do not reach nor consider

defendants' contention as to the effect of the severability clause.

As an alternative to their contention that Rhyne is not subject to the "household or family" exclusionary clause, defendants assert that Rhyne is entitled to recover directly from United under the "uninsured motorist" provisions of the policy required by RCW 48.22.030. In relevant part, those provisions are as follows:

COVERAGE G—Injury Caused by an Uninsured Motorist
[United] will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle; . . .

. . .
The following persons are insured under this Coverage
1. The named insured and his relatives while residents of his household; . . .

Defendants' reasoning is that a judicial determination that Rhyne was a relative of Roy McCarthy, "the named insured," and a resident of his household makes him *an* "insured" and affords him coverage for bodily injuries sustained as a result of the negligence of the owner or operator of an uninsured motor vehicle. Defendants contend that if Rhyne proves that Roy McCarthy's negligence was a proximate cause of his injury, Roy McCarthy is an "uninsured motorist" because his policy affords him no right to a defense or indemnity concerning Rhyne's claim. We do not agree. Roy McCarthy was not the owner or operator of an "uninsured motor vehicle." McCarthy's automobile was covered by United's policy. The fact that the policy excluded coverage for a relative who resided in the McCarthy household does not disqualify the policy for compliance with RCW 48.22.030. Household or family exclusionary clauses are customary in automobile policies and their propriety is judicially sanctioned.

The exclusion in question is a so-called "household or

family exclusionary clause", the purpose of which is not only to protect insurers from collusion which might possibly arise in intrafamily suits but also to protect them from the natural tendency of one insured to strengthen or enlarge the case against him when it involves members of his household and family. There is a natural disposition to favor those in one's household and close members of one's family. The practical impossibility facing an insurer in defending such an action is readily apparent, and explains why this type of exclusion is inserted in a policy.

*State Farm Mut. Auto. Ins. Co. v. Phillips, supra* at 177.

In *Kay v. Kay*, 30 Utah 2d 94, 96, 513 P.2d 1372 (1973), the Utah Supreme Court considered the precise contention made here by defendants. The unanimous opinion of the Utah court states:

> State Farm was contractually bound to provide liability coverage; however, there was an exclusion. The household or family exclusion is for the purpose of protecting insurers from collusion which might arise in intrafamily disputes and from the natural tendency of the one insured to strengthen or enlarge the case against him when it involves members of his household and family. The practical impossibility facing an insurer in defending an action of this type explains the necessity of including an exclusion in the policy. Since there is a valid public policy to support this exclusion from liability coverage, it would be nonsense for this exclusion to constitute a ground to activate the substituted liability coverage under uninsured motorist provisions. The uninsured motorist coverage would become a device to nullify household exclusion clauses. There is nothing in the Safety Responsibility Act that mandates such a result.

(Footnotes omitted.) *Accord, Holt v. State Farm Mut. Auto. Ins. Co.,* 486 S.W.2d 734 (Tenn. 1972).

At trial, United conceded that Rhyne was, as an insured, entitled to recover payment for his medical expenses. The judgment so decreed. The amount provided by the policy was paid into the registry of the court and drawn down by Rhyne. Neither party appealed from this portion of the judgment. Accordingly, we make no ruling concerning

United's motion to dismiss the appeal on the ground that Rhyne's acceptance of the benefits was a concession that he was an insured and a waiver of his right to assert that the policy afforded McCarthy liability coverage for Rhyne's claim.

The judgment is affirmed in all respects.

FARRIS and SWANSON, JJ., concur.

Petition for rehearing denied April 29, 1976.

Review denied by Supreme Court July 27, 1976.