[No. 8080–6–I.   Division One.   February 23, 1981.]

PACIFIC INDEMNITY COMPANY, *Appellant,* v. BLOEDEL
TIMBERLANDS DEVELOPMENT, INC., ET AL,
*Respondents.*

*Detels, Draper & Marinkovich* and *Bonita Olson,* for appellant.

*Graham & Dunn, Joseph C. Finley, Mark S. Clark, Gerald Shucklin,* and *Philip Shucklin,* for respondents.

CORBETT, J.—Pacific Indemnity appeals from a summary judgment in favor of Bloedel Timberlands Development, Inc. (Bloedel).

Timber Industries, Inc. (TI) purchased the right to log Bloedel property known as the Wright tract. While doing so, TI cut and removed timber on 9.3 adjoining acres, also belonging to Bloedel. Bloedel filed suit against TI and

recovered treble damages, pursuant to RCW 64.12.030 and .040. TI tendered the judgment to Pacific Indemnity, its insurer who had defended the trespass action under a reservation of rights. Pacific Indemnity then commenced this action to contest coverage under TI's loggers' property damage liability endorsement.

No exception has been taken to a finding of no justiciable controversy as to the defendant Mitsui & Co. (U.S.A.), Inc. (Mitsui) or the dismissal on appeal by the commissioner. Therefore Mitsui is no longer a party to this action.

The insurance contract stated that it was the obligation of Pacific Indemnity

> To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property of others, including the loss of use thereof, resulting from an occurrence directly connected with logging operations as herein defined, including
>
> . . .
>
> (b) damage to or destruction of timberlands, standing timber, felled timber or bucked timber which are the property of others; and
>
> . . .
>
> This endorsement does not apply:
> (e) to damage to or destruction of or removal of property of others incidental to the logging of timber lands without the legal right to enter upon and cut on those timber lands.

TI contends that exclusion (e) does not apply because it had lawfully entered the Wright tract and the trespass was incidental to that operation.

In determining the intention of the parties to an insurance contract, terms should be understood in their plain, ordinary and popular sense. The rule that contracts of insurance are construed in favor of the insured and most strongly against the insurer should not be permitted to have the effect of making a plain agreement ambiguous, and then construing it in favor of the insured. A court may not modify clear and unambiguous language in an insurance policy or revise the insurance contract under the the-

ory of construing it. *Truck Ins. Exch. v. Merrell,* 23 Wn. App. 181, 186, 596 P.2d 1334 (1979), citing *Lawrence v. Northwest Cas. Co.,* 50 Wn.2d 282, 311 P.2d 670 (1957); *Rew v. Beneficial Standard Life Ins. Co.,* 41 Wn.2d 577, 250 P.2d 956, 35 A.L.R.2d 891 (1952); *Tucker v. Bankers Life & Cas. Co.,* 67 Wn.2d 60, 406 P.2d 628, 23 A.L.R.3d 1098 (1965); *Jeffries v. General Cas. Co. of America,* 46 Wn.2d 543, 283 P.2d 128 (1955); *West Am. Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 80 Wn.2d 38, 44, 491 P.2d 641 (1971).

The interpretation of a term in an insurance contract is a question of law. *United Pac. Ins. Co. v. McCarthy,* 15 Wn. App. 70, 72, 546 P.2d 1226 (1976). It is the function of an appellate court to review and determine questions of law and we are not bound by the determination of the trial court. *Local 1296 Int'l Ass'n of Firefighters v. Kennewick,* 86 Wn.2d 156, 161, 542 P.2d 1252 (1975).

We find no ambiguity in the language of the exclusionary clause. We are satisfied that the average person would understand the exclusion applied to the logging of lands which TI had no right to enter. By reason of this interpretation, we do not reach the public policy argument urged by Pacific Indemnity.

The judgment of the trial court is reversed and the action is remanded with instruction to enter judgment in favor of appellant.

SWANSON and CALLOW, JJ., concur.

Reconsideration denied April 13, 1981.