[No. 3914–5–III.   Division Three.   July 15, 1982.]

FIRST NATIONAL INSURANCE COMPANY OF AMERICA, ET AL, *Appellants,* v. PAKI D. PERALA, ET AL, *Respondents.*

528

*Walter G. Meyer* and *Halverson, Applegate & McDonald,* for appellants.

*Lonny R. Suko, James E. Baker,* and *Lyon, Beaulaurier, Weigand, Suko & Gustafson,* for respondents.

GREEN, J.—First National Insurance Company of America and Safeco Insurance Company of America appeal from the court's granting summary judgment in favor of Paki Perala and his mother, JoAnn E. Perala (Beaulaurier) in a declaratory judgment action. The question presented is whether the companies are required to provide uninsured motorist coverage under their policies.

On April 22, 1978, Paki Perala was riding as a passenger in a 1968 Chevrolet Malibu owned by his mother and provided for his principal use. The driver was Michael R. Johnson, age 16, who was uninsured. A single vehicle acci-

dent occurred and Paki was severely injured.

The Peralas presented a claim to First National and Safeco for Paki's injuries under the uninsured motorist provisions of their policies. First National insured the Malibu and Safeco insured another vehicle owned by Mrs. Perala, a 1973 Oldsmobile station wagon. These policies provided liability coverage for Mrs. Perala, as the named insured, Paki, as a relative residing in the same household, and any person using the automobile with the permission of the named insured. The First National policy contained an endorsement excluding liability coverage for drivers under 25 years of age who are not members of the insured's family.[1]

First National rejected the claim and brought a declaratory judgment action to establish its uninsured motorist provisions do not apply. The Peralas answered and cross claimed for declaratory judgment against Safeco, which was joined as a party plaintiff. All parties moved for summary judgment. It was stipulated for purposes of these motions that Michael Johnson, the driver of the Malibu, was negligent in causing the accident. The court interpreted both policies to provide uninsured motorist coverage, granted summary judgment in favor of the Peralas, and ordered arbitration over the liability and damage issues as provided by the policies. The companies appeal.

Both companies claim the uninsured motorist provisions in the policies are inapplicable here because coverage is afforded only for bodily injury caused by an "owner or operator of an *uninsured motor vehicle.*" (Italics ours.) They argue the Malibu was an *insured* vehicle because it was specifically named in First National's policy and, under Safeco's policy, was furnished for Paki's regular use. Also, First National claims its liability coverage exclusion for

---

[1]The endorsement provides: "Notwithstanding any contrary provision in the policy, insurance for bodily injury liability and property damage liability shall not apply to any person under the age of 25 who is not a member of the named insured's family related by blood, marriage or adoption."

drivers who are under the age of 25 would be nullified if it is required to provide uninsured motorist coverage.

On the other hand, the Peralas contend the underlying public policy of the uninsured motorist statute is to provide coverage for uninsured motorists, not vehicles, and the statute supersedes contrary language in the insurance policies. They argue, as an insured, Paki is entitled to uninsured motorist coverage regardless of the under–25 exclusion because the driver was uninsured. We agree with the Peralas' position and affirm.

Our state has not specifically addressed the issue presented. The companies rely upon cases from other jurisdictions which have held an injured person may be excluded from uninsured motorist coverage where the automobile in which the person was a passenger was insured.[2] Those cases, however, are all based upon the particular language of the insurance policies and uninsured motorist statutes in those jurisdictions. It would serve no useful purpose to compare them with Washington's statute or the insurance policies here.[3] We are governed by the public policy expressed in Washington's uninsured motorist statute, RCW 48.22.030, and the decisions interpreting it. *Rau v. Liberty Mut. Ins. Co.,* 21 Wn. App. 326, 585 P.2d 157

---

[2] *See Hill v. Nationwide Mut. Ins. Co.,* 535 S.W.2d 327 (Tenn. 1976); *Holt v. State Farm Mut. Auto. Ins. Co.,* 486 S.W.2d 734 (Tenn. 1972); *Kay v. Kay,* 30 Utah 2d 94, 513 P.2d 1372 (1973); *Lammers v. State Farm Mut. Auto. Ins. Co.,* 48 Ala. App. 36, 261 So. 2d 757 (1972); *California Cas. Indem. Exch. v. Hoskin,* 82 Cal. App. 3d 789, 147 Cal. Rptr. 348 (1978); *Barlow v. Auto–Owners Ins. Co.,* 358 So. 2d 1128 (Fla. Dist. Ct. App. 1978); *Barnes v. Powell,* 129 Ill. App. 2d 16, 262 N.E.2d 334 (1970); *United Farm Bur. Mut. Ins. Co. v. Hanley,* 172 Ind. App. 329, 360 N.E.2d 247 (1977); *Allen v. West Am. Ins. Co.,* 467 S.W.2d 123 (Ky. 1971); *Miles v. State Farm Mut. Auto. Ins. Co.,* 519 S.W.2d 378 (Mo. Ct. App. 1975).

[3] Although discussion of those cases would not be useful, we note a majority of them address the family or household exclusion which has been declared violative of Washington's uninsured motorist statute. *Mutual of Enumclaw Ins. Co. v. Wiscomb,* 97 Wn.2d 203, 210, 643 P.2d 441 (1982). In addition, the cases turn upon language in the uninsured motorist statutes in those states which is not contained in Washington's statute. Finally, the decisions are based on whether the *vehicle* was insured—a distinction which is not made in Washington.

(1978). Our statute and those decisions mandate coverage here.

While insurance policies are private contracts and the insurer may bargain for exclusions in a policy, uninsured motorist coverage is mandatory unless the insured specifically and unequivocally rejects such coverage. RCW 48.22.030(4). *Mutual of Enumclaw Ins. Co. v. Wiscomb,* 97 Wn.2d 203, 210, 643 P.2d 441 (1982); *Touchette v. Northwestern Mut. Ins. Co.,* 80 Wn.2d 327, 332, 494 P.2d 479 (1972); *Brummett v. Grange Ins. Ass'n,* 4 Wn. App. 979, 981, 485 P.2d 88 (1971). The public policy favoring uninsured motorist coverage controls over the express terms in the contract. *Rau v. Liberty Mut. Ins. Co., supra* at 328. Any ambiguities in the policy provisions are interpreted in favor of the insured. *McDonald Indus., Inc. v. Rollins Leasing Corp.,* 95 Wn.2d 909, 913, 631 P.2d 947 (1981); *Frontier Lanes v. Canadian Indem. Co.,* 26 Wn. App. 342, 345–46, 613 P.2d 166 (1980); *Nationwide Mut. Ins. Co. v. Kelleher,* 22 Wn. App. 712, 715, 591 P.2d 859 (1979).

The policy of the uninsured motorist statute is to protect victims of uninsured drivers, not vehicles. *Finney v. Farmers Ins. Co.,* 92 Wn.2d 748, 751, 600 P.2d 1272 (1979); *Cammel v. State Farm Mut. Auto. Ins. Co.,* 86 Wn.2d 264, 270, 543 P.2d 634 (1975). *Finney* is controlling here. In that case the passenger in a vehicle was killed in an accident due to the fault of the operator of the vehicle. The operator had liability insurance but the owner of the vehicle did not. Because the operator's policy was insufficient to pay for the damages, the passenger's estate sought recovery under the uninsured motorist provisions of the deceased passenger's policy. The company asserted its uninsured motorist provisions were not applicable because liability insurance covered the operator and the vehicle was therefore insured. The court rejected this assertion holding uninsured motorist coverage exists where either the *owner* or the *operator* is uninsured. It reasoned:

We have previously held RCW 48.22.030 is to be liberally construed in order to provide broad protection

against financially irresponsible motorists. *Touchette v. Northwestern Mut. Ins. Co., [supra].* The purpose of the statute is to allow an injured party to recover those damages which would have been received had the responsible party maintained liability insurance. *Touchette v. Northwestern Mut. Ins. Co., supra.*

> The insurance carrier which issued the policy stands, therefore, in the shoes of the uninsured motorist to the extent of the carrier's policy limits.

*State Farm Mut. Auto. Ins. Co. v. Bafus,* 77 Wn.2d 720, 724, 466 P.2d 159 (1970).

> The statute was designed to protect innocent victims of uninsured negligent motorists, not to protect vehicles. *Cammel v. State Farm Mut. Auto. Ins. Co., [supra].* Where an insurance policy does not provide the protection mandated by RCW 48.22.030, the offending portion of the policy is void and unenforceable. *Touchette v. Northwestern Mut. Ins. Co., supra; Federated Am. Ins. Co. v. Raynes,* 88 Wn.2d 439, 563 P.2d 815 (1977); *Grange Ins. Ass'n v. Great Am. Ins. Co.,* 89 Wn.2d 710, 575 P.2d 235 (1978).
>
> The statute does not contemplate a piecemeal whittling away of liability for injuries caused by uninsured motorists. *First Nat'l Ins. Co. of America v. Devine,* 211 So. 2d 587, 589 (Fla. Dist. Ct. App. 1968); *Touchette v. Northwestern Mut. Ins. Co., supra.*

*Finney,* at 751–52. We find no valid distinction between *Finney* and this case. Even though an insurance policy existed for the Malibu here, the vehicle was uninsured as to Paki because its operator had no insurance.

The fact that Paki was a passenger in an automobile covered by a policy in which he is a named insured does not justify refusing uninsured motorist protection. As stated in *Grange Ins. Ass'n v. Great Am. Ins. Co.,* 89 Wn.2d 710, 718, 575 P.2d 235 (1978):

> [U]ninsured motorists coverage [is] applicable if, at the time of sustaining injury . . . a named insured, was occupying the [vehicle] described in his policy, or was on foot, or on horseback, or while sitting in his rocking chair on his front porch or while occupying a non-owned automobile furnished for his regular use . . . This so–called uninsured protection is limited personal

accident insurance chiefly for the benefit of the named insured.

As pointed out by the Peralas, this approach has been taken by other jurisdictions when faced with virtually identical facts. *Barnes v. Powell,* 49 Ill. 2d 449, 275 N.E.2d 377 (1971); *Bowsher v. State Farm Fire & Cas. Co.,* 244 Or. 549, 419 P.2d 606 (1966). We agree with the court's reasoning in *Bowsher,* at 552–53:

> There is no doubt that if [the uninsured motorist] had been driving some other automobile with [the insured] as his passenger, and had injured [the insured] in exactly the same manner as he injured him in his own automobile, any applicable "uninsured–automobile" coverage paid for by [the insured] would have been available to [him]. Nothing in [the Oregon uninsured motorist statute] suggests an intent to treat an owner of an insurance policy differently when he is injured riding in his own automobile than when he is injured riding in another automobile.
>
> . . .
>
> . . . We believe . . . that the proper focus of inquiry in such cases is to ascertain whether the injury for which a claim is made was covered by liability insurance, assuming that liability can be established. Such a focus seems more relevant than a general inquiry whether some kind of insurance covered, for some purposes, the automobile involved in the accident, regardless of the applicability of such insurance to the injuries sustained. The availability of public–liability insurance to protect strangers was of no value to [the insured] in this case. As to [the insured's] own injuries, the tort–feasor, if there was one, was wholly uninsured. Therefore, in the only way that could be relevant to the purposes of the statute, [the insured's] automobile was, as to [him], an "uninsured motor vehicle."

First National argues, however, requiring it to provide uninsured motorist coverage here nullifies its policy endorsement excluding liability coverage for drivers under the age of 25, citing *United Pac. Ins. Co. v. McCarthy,* 15 Wn. App. 70, 546 P.2d 1226 (1976). We disagree. First, the exclusion is not nullified because it excludes *liability* pro-

tection for the under–25 driver. On the other hand, uninsured motorist coverage protects the insured. Second, *McCarthy* addressed the household or family exclusion which excluded liability coverage for the injured party because he was a relative of the named insured. That exclusion, therefore, limited liability coverage for the class of insureds. To the contrary, here Paki is an insured under First National's policy and the under–25 exclusion does not limit liability coverage for him. If the exclusion were applied as First National urges, it would operate to limit the circumstances under which Paki is entitled to uninsured motorist coverage, *i.e.,* when he is riding as a passenger with a driver under the age of 25. This attempt to exclude uninsured motorist coverage when the insured is injured in a certain situation is impermissible.

> [T]he parties may agree to a narrow definition of insured so long as that definition is applied consistently throughout the policy, but once it is determined that a person is an insured under the policy, that person is entitled to uninsured motorist coverage.

*Federated Am. Ins. Co. v. Raynes,* 88 Wn.2d 439, 444, 563 P.2d 815 (1977); *Farmers Ins. Co. v. Miller,* 87 Wn.2d 70, 76, 549 P.2d 9 (1976); *Touchette v. Northwestern Mut. Ins. Co., supra.* Here Paki is an insured under the policy. He is, therefore, entitled to uninsured motorist coverage.

Moreover, even accepting the companies' argument that the uninsured motorist statute applies only to circumstances in which the vehicle is uninsured, we find Paki is entitled to uninsured motorist coverage under what appear to be inconsistent terms in the policies. While uninsured coverage does not extend to "an insured automobile [described in the policy] or an automobile furnished for the regular use of the named insured or a relative", such coverage does extend to an automobile for which "[an insurance policy is] applicable . . . but the company writing the same denies coverage thereunder . . ." Here, although the Malibu was insured, the companies have denied coverage. Another provision in the policies also extends uninsured

motorist coverage even though the automobile is insured. That provision states the uninsured motorist section of the policies does not apply:

> (a) to bodily injury to an insured while occupying an automobile (*other than an insured automobile*) owned by the named insured or a relative, or through being struck by such an automobile; . . .

(Italics ours.) Since the language in parentheses modifies the word "automobile", uninsured motorist coverage applies here because Paki (an insured) was injured while occupying an *insured* automobile.

▪ While these seemingly conflicting provisions might be reconciled after arduous analysis, the insured should not be charged with doing so. As the court stated in *Dairyland Ins. Co. v. Ward,* 83 Wn.2d 353, 358, 517 P.2d 966 (1974):

> In our opinion, the proper inquiry is not whether a learned judge or scholar can, with study, comprehend the meaning of an insurance contract, but whether the insurance policy contract would be meaningful to the layman who at his peril may be legally bound or held to understand the nature and extent of its coverage. The language of insurance policies is to be interpreted in accordance with the way it would be understood by the average man, rather than in a technical sense. *Zinn v. Equitable Life Ins. Co.,* 6 Wn.2d 379, 107 P.2d 921 (1940).

Conflicting and ambiguous clauses are construed in favor of the *insured's* understanding, "even though the insurer may have intended another meaning." *Jeffries v. General Cas. Co. of Am.,* 46 Wn.2d 543, 546, 283 P.2d 128 (1955). Therefore, we conclude, as did the trial court, that the uninsured motorist provisions of the policies apply to the circumstances of this case.

Affirmed.

McINTURFF, C.J., and MUNSON, J., concur.

Reconsideration denied August 26, 1982.

Review denied by Supreme Court November 8, 1982.