[No. 6089–2–II. Division Two. June 18, 1985.]

DAIRYLAND INSURANCE COMPANY, *Respondent*, v. DARRELL UHLS, ET AL, *Appellants*.

50

*Henry Haas* and *VanBuskirk & Haas,* for appellants.

*John D. Nellor* and *Morse & Bratt (Christopher Burris* and *Cosgrave, Kester, Crowe, Gidley & Lagesen,* of counsel), for respondent.

PETRICH, J.—At issue is whether uninsured motorist coverage (UMC) pursuant to former RCW 48.22.030 may be circumvented by a contract restriction which denies coverage when the insured vehicle is driven by one under 25 years of age.[1] The trial court after considering cross

---

[1]Former RCW 48.22.030 stated:

"Uninsured or hit-and-run motor vehicle coverage to be provided—Exceptions. On and after January 1, 1968, no new policy or renewal of an existing policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in RCW 46.29.490, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom, except that the named insured may be given the right to reject such coverage, and except that, unless the named insured requests such coverage in writing, such coverage need not be provided in

motions for summary judgment answered in the affirmative and granted summary judgment to Dairyland Insurance Company. We disagree and reverse.

The facts are not disputed. On March 29, 1979, Darrell Uhls executed an application for automobile insurance with Dairyland. The application contained an uninsured motorist rejection provision, which the parties stipulate was never endorsed, and the following restriction:

DRIVER RESTRICTION—IMPORTANT—READ CAREFULLY
I understand and agree that the Insurance policy I am requesting will not apply while the automobile insured is being driven by any person under the age of twenty–five, unless such person is named on this application and on the policy.

Dairyland issued to Darrell Uhls its "Plain Talk Car Policy" for the period of March 29, 1979 to May 23, 1979.[2] A

---

or supplemental to a renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer." Former RCW 48.22.030 was amended by Laws of 1980, ch. 117, § 1; Laws of 1981, ch. 150, § 1; and Laws of 1983, ch. 182, § 1.

[2]An amended uninsured motorist endorsement included in the "Plain Talk Car Policy" provided in relevant part:
"The 'Uninsured Motorist Insurance' section in your policy is replaced by the following
"Uninsured Motorist Insurance
"Our Promise To You
"We promise to pay the damages you're legally entitled to receive from the owner or operator of an uninsured motor vehicle because of bodily injury.
"We'll pay these damages for bodily injury you suffer in a car accident while occupying a car or as a pedestrian.
"Protection for Others
"Anyone occupying with your permission, a car we insure has the same rights and obligations that you have under this insurance.
"Uninsured Motor Vehicles
"An uninsured motor vehicle is a motor vehicle for which there is no bodily injury policy or liability bond available at the time of the car accident with at least the minimum limits required by the financial responsibility law of the state in which your car is principally garaged.
"An uninsured motor vehicle also includes a motor vehicle which has insurance available at the time of the accident but the company writing it is or becomes insolvent or denies coverage . . .
"Driver Restriction
"This policy won't provide any insurance while the motor vehicle is being

portion of the premium was assessed for minimum uninsured motorist coverage.

On May 6, 1979, a 1-car accident occurred in Clark County while the insured vehicle was driven by William Uhls, age 24, the brother of the named insured. Darrell Uhls and Tony Simas were passengers in the vehicle and were injured. Dairyland denied UMC to Darrell Uhls and Tony Simas, and instituted the present action for declaratory relief. Dairyland was granted summary judgment.

■ A summary judgment motion can be granted only if the pleadings, affidavits, depositions, and admissions on file demonstrate there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Neither party here alleges an issue of material fact, and we do not find one. The question thus turns on the legal interpretation of former RCW 48.22.030 as it applies to the insurance contract in this case.

■ It is settled that we may not modify clear and unambiguous language in an insurance contract, but the insurance contract provisions are subject to limitation and invalidation if they contravene important public policy and statutory considerations. *Progressive Cas. Ins. Co. v. Jester*, 102 Wn.2d 78, 79–80, 683 P.2d 180 (1984); *Mission Ins. Co. v. Guarantee Ins. Co.*, 37 Wn. App. 695, 699, 683 P.2d 215 (1984); *Tibbs v. Johnson*, 30 Wn. App. 107, 110–11, 632 P.2d 904 (1981).

■ Former RCW 48.22.030 declares a public policy of providing broad protection against financially irresponsible motorists. *Touchette v. Northwestern Mut. Ins. Co.*, 80 Wn.2d 327, 335, 494 P.2d 479 (1972). The statute does not contemplate a piecemeal whittling away of liability for

---

driven by a person under the age of 25, unless that person's name appears on your application for insurance. This restriction won't apply to liability insurance while the motor vehicle is being driven on a military base or reservation. It doesn't apply to protection of a lienholder's interest under collision or comprehensive insurance. It also doesn't apply to any member of your household under the age of 25 who also is insured by us under a separate car policy."

injuries caused by uninsured motorists. *Finney v. Farmers Ins. Co.,* 92 Wn.2d 748, 752, 600 P.2d 1272 (1979). Although insurance policies are private contracts and the insurer may bargain for exclusions in a policy, *see Mutual of Enumclaw Ins. Co. v. Wiscomb,* 97 Wn.2d 203, 210, 643 P.2d 441 (1982), uninsured motorist coverage is mandatory unless the insured specifically and unequivocally rejects such coverage. Former RCW 48.22.030; *Touchette v. Northwestern Mut. Ins. Co.,* 80 Wn.2d at 332; *First Nat'l Ins. Co. of Am. v. Perala,* 32 Wn. App. 527, 531, 648 P.2d 472 (1982). We must scrutinize the express terms in the present contract in light of this public policy favoring uninsured motorist coverage.

Dairyland argues that a clear exclusion is valid so long as it is consistently applied to both bodily injury liability and uninsured motorist coverages, citing *Farmers Ins. Co. v. Miller,* 87 Wn.2d 70, 549 P.2d 9 (1976) and *United Pac. Ins. Co. v. McCarthy,* 15 Wn. App. 70, 546 P.2d 1226 (1976). It also argues that the "under twenty–five" restriction here is valid because in that situation *neither* bodily liability *nor* UMC would be available.

▌A similar argument was rejected by the Washington Supreme Court in *Federated Am. Ins. Co. v. Raynes,* 88 Wn.2d 439, 563 P.2d 815 (1977). In *Federated American Ins. Co.,* Raynes was injured on a motorcycle by an uninsured vehicle. Federated American Insurance Company (FAI) did not insure the motorcycle but did insure two automobiles owned by Raynes. He sought to recover under the UMC section of his FAI insurance policy. FAI raised a UMC exclusion which precluded recovery to an insured when he is occupying a vehicle owned by him but not insured by FAI. The court addressed the exclusions as follows:

> FAI attempts to bring exclusion (b) within the rules of *Touchette* and *Miller* by arguing that the primary liability section of its policy also excludes coverage when the insured is occupying a vehicle owned by him but not insured by FAI. Therefore, the argument goes, exclusion

(b) does not violate the policy of RCW 48.22.030, because coverage is not narrower under the uninsured motorist section than under the primary liability section. This argument misconceives the rules of *Touchette* and *Miller*. RCW 48.22.030 mandates uninsured motorist coverage "for the protection of persons insured" under the policy, unless the named insured rejects such coverage. *Touchette* and *Miller* stand for the proposition that the parties may agree to a narrow definition of insured so long as that definition is applied consistently throughout the policy, but once it is determined that a person is an insured under the policy, that person is entitled to uninsured motorist coverage. Respondent is the named insured in FAI's policy. Exclusion (b) does not narrow the definition of insured so as to exclude respondent from being an insured under the policy. Rather, the exclusion merely excludes coverage when the insured is injured in a certain situation, *i.e.*, occupying a car owned by him but not insured by FAI. This attempt to exclude coverage for an insured is impermissible under RCW 48.22.030.

*Federated Am. Ins. Co. v. Raynes,* 88 Wn.2d at 444.

Darrell Uhls is the named insured in the insurance contract. Tony Simas was occupying the insured car with the named insured's permission. Pursuant to the amended UMC endorsement, he therefore has the same rights as Darrell Uhls. Following the rationale in *Federated Am. Ins. Co. v. Raynes, supra,* the "under twenty–five" restriction does not exclude Darrell Uhls or Tony Simas from being an insured under the policy. Rather, the restriction merely excludes coverage when the insured is injured in a certain situation. This is impermissible under the mandate of former RCW 48.22.030.

Dairyland further argues that Darrell Uhls knew about the restriction and freely entered into the insurance contract. This may well be true but it misses the mark. Our concern is whether Darrell Uhls rejected mandatory UMC. RCW 48.22.030, wherein the named insured is given the right to reject UMC, does not require a written rejection. It is sufficient if the insured knew of the existence of UMC, understood his rights to accept or reject it, and made an

informed choice to reject it. *Thompson v. Grange Ins. Ass'n,* 34 Wn. App. 151, 156, 660 P.2d 307 (1983). The parties here stipulate that Darrell Uhls never endorsed the UMC rejection in the policy application. No one contends that he made an unwritten specific rejection of UMC.

There having been no rejection of UMC, the policy of former RCW 48.22.030 must be read into the Dairyland insurance contract to negate the "under twenty–five" restriction as it applies to UMC. By so holding we do not nullify the restriction as it applies to the bodily injury liability portion of the policy. In this respect, the 24–year–old driver triggered the exclusion which, by the terms of the policy itself, resulted in the vehicle becoming uninsured, for liability purposes but not for UMC protection. Darrell Uhls and Tony Simas are entitled to recover.

Reversed and remanded with directions to enter summary judgment finding coverage under the uninsured endorsement.

REED, A.C.J., and PETRIE, J. Pro Tem., concur.