[No. 31672-9-I. Division One. April 18, 1994.]

GARY KNIPSCHIELD, ET AL, *Plaintiffs*, v. C-J
RECREATION, INC., ET AL, *Respondents*, AMERICAN
HONDA MOTOR CO., INC., *Appellant*.

---

*Kirk S. Portmann, Irene M. Hecht,* and *Keller Rohrback,*
for appellant.

*Thomas R. Merrick, Robert J. Roche,* and *Bullivant, Houser, Bailey, Pendergrass & Hoffman; Philip R. Sloan* and *Sloan, Bobrick & Oldfield, Inc. P.S.,* for respondents.

COLEMAN, J. — American Honda Motor Co., Inc., appeals the trial court's orders requiring it to indemnify I-90 Honda of Issaquah and Bill's Honda Auto Sales for their attorney fees, costs, and amounts of settlement with Plaintiffs Gary and Sandra Knipschield. American Honda argues that the trial court erred by concluding that its agreement with the dealers required it to indemnify them for their attorney fees and costs of litigation.[1] We agree and reverse.

On May 14, 1988, Gary Knipschield was injured when he lost control of his Honda all-terrain vehicle (ATV) and struck a tree. The ATV, which was manufactured in 1985, had been sold to the original purchaser by Bill's Honda in Sandpoint, Idaho. In October 1987, the original purchaser sold the ATV to Knipschield. Three weeks prior to the accident, Knipschield had the ATV serviced at I-90 Honda of Issaquah.

Knipschield and his wife sued I-90 Honda, Bill's Honda, and American Honda, the manufacturer of the ATv. The amended complaint alleged the following:

2.2 Defendant American Honda Motor Co., Inc. designed, manufactured and marketed the vehicle involved, and failed to design, construct, or assemble the vehicle with reasonable care and reasonable warnings necessary to protect the safety of innocent purchasers and users of the vehicle.

2.3 Defendants Gill, d.b.a. Bill's Auto Sales . . . assembled, prepared for delivery and sold the vehicle involved during 1985 or 1986. This defendant negligently or willfully failed to assemble, prepare and deliver the vehicle with reasonable care or reasonable warnings necessary to protect the safety of innocent purchasers and users.

2.4 In May 1988, Mr. Knipschield contracted with, and paid, defendant I-90 Honda to perform a "preseason inspection" on the vehicle, including inspection of the tires of the vehicle. Defendant I-90 Honda and its agents or employees failed to properly inspect and maintain the vehicle, as requested by Mr. Knipschield, and misrepresented that the proper maintenance and inspection had occurred.

---

[1]Because we conclude that American Honda did not have a duty to indemnify the dealers, we do not reach the other issues raised by American Honda.

I-90 Honda and Bill's Honda (the dealers) subsequently tendered their defense to American Honda, relying on an indemnity provision in the Honda ATV dealers' sales and service agreement.[2] American Honda accepted the tender of defense with respect to claims arising out of alleged product defects, but refused the tender of defense and several subsequent tenders of defense with regard to claims of independent negligence on the part of the dealers.

Prior to trial, the dealers settled with the Knipschields, while continuing to deny liability. American Honda proceeded to trial and obtained a jury verdict in its favor. The trial court subsequently granted the dealers' motions and cross claims for indemnification by American Honda and ordered American Honda to pay the dealers' attorney fees and costs, in addition to the amounts of their settlements with the Knipschields. American Honda appeals.

The sole issue on appeal is whether American Honda was required to defend or indemnify the dealers.

 Interpretation of the terms of a contract is a question of law and is reviewed de novo by the appellate court. *Pacific Indem. Co. v. Bloedel Timberlands Dev., Inc.*, 28 Wn. App. 466, 468, 624 P.2d 734 (1981) (citing *United Pac. Ins. Co. v. McCarthy*, 15 Wn. App. 70, 72, 546 P.2d 1226, *review denied*, 87 Wn.2d 1005 (1976)). Indemnity agreements are subject to the fundamental rules of contract construction, *i.e.*, the intent of the parties controls; this intent must be inferred from the contract as a whole; the meaning afforded the provision and the whole contract must be reasonable and consistent with the purpose of the overall undertaking; and if any ambiguity exists, it must be resolved against the party who prepared the contract. *Jones v. Strom Constr. Co.*, 84 Wn.2d 518, 520, 527 P.2d 1115 (1974). In addition, clauses purporting to exculpate an indemnitee from liability flowing solely from its own acts or omissions are not favored and are strictly construed. *Jones*, at 520.

 The duty to defend and the duty to indemnify arise at different times in a tort proceeding. *George Sollitt Corp. v.*

---

[2]The provision is set forth in full *infra*.

*Howard Chapman Plumbing & Heating, Inc.*, 67 Wn. App. 468, 475, 836 P.2d 851 (1992). The duty to defend is determined by the facts known at the time of the tender of defense. These facts "must demonstrate that liability would eventually fall upon the indemnitor, thereby placing it under a duty to defend."[3] *Sollitt*, at 472 (quoting *Dixon v. Fiat-Roosevelt Motors, Inc.*, 8 Wn. App. 689, 694, 509 P.2d 86 (1973)). The duty to indemnify, on the other hand, generally "arises when the plaintiff in the underlying action prevails on facts that fall within coverage." *Sollitt*, at 475 (citing *Western Nat'l Assur. Co. v. Hecker*, 43 Wn. App. 816, 821, 719 P.2d 954 (1986)).[4]

Here, the agreement between the parties provides in part:

### 13.1 INDEMNITY OF DEALER

American Honda agrees to assume the defense of Dealer and to indemnify Dealer against any money judgment, less any offset recovered by Dealer, in any lawsuit naming Dealer as a defendant, where such lawsuit relates to: (a) an alleged breach of any Honda warranty relating to Honda Products; (b) bodily injury or property damage claimed to have been caused by a defect in the design, manufacture, or assembly of a Honda Product prior to delivery thereof to Dealer (*other than a defect which could have been detected by Dealer in a reasonable inspection*); or (c) a misrepresentation or misleading statement of American Honda; provided, however, that *if any information discloses the possibility of Dealer error or omission in servicing or otherwise* (including but not limited to Dealer not having performed all recalls of which Dealer has notice on the Honda product involved in the lawsuit if the defect subject to the recall is alleged or contended to be a contributing cause of the breach of warranty, injury or damage which is the subject matter of the lawsuit), or should it appear that the Honda Product involved in such lawsuit had been altered by or for Dealer, or if

---

[3]In the insurance context, the general rule is that an insurer's duty to defend arises "when a complaint against its insured alleges facts which, if proved, would render the insurer liable under the policy." *Harrison Plumbing & Heating, Inc. v. New Hampshire Ins. Group*, 37 Wn. App. 621, 623, 681 P.2d 875 (1984) (citing *Parks v. Western Wash. Fair Ass'n*, 15 Wn. App. 852, 553 P.2d 459 (1976)).

[4]Bill's Honda claims that Idaho law applies. However, Bill's Honda never raised or argued the applicability of Idaho law before the trial court. Instead, Bill's Honda cited a Washington case, *Jones v. Strom Constr. Co., supra,* and made statements indicating that it believed Washington law applied. We therefore decline to assess the merits of this case under Idaho law.

Dealer has violated any of the provisions of this paragraph 13.1, *then Dealer will immediately obtain its own counsel and defend itself*, and American Honda will not be obligated to defend or indemnify Dealer further. . . . *American Honda will have not less than thirty (30) days to conduct a reasonable investigation to initially determine whether or not American Honda is obligated to defend under this Paragraph 13.1.* Dealer will take the steps necessary to protect its own interests involved in the lawsuit until American Honda assumes the active defense of Dealer. American Honda will, upon assuming the defense of Dealer, reimburse Dealer for all attorneys' fees or court costs incurred by Dealer from the date of the tender. . . . *If, upon final judgment in a lawsuit, it is determined that American Honda wrongfully failed or refused to defend Dealer, American Honda will reimburse Dealer for all costs and attorneys' fees incurred by Dealer from the date of the tender of defense.*

(Italics ours.)

We conclude that the agreement protects dealers only from defending against claims involving certain alleged manufacturing and product defects. Dealers remain responsible for defending themselves against any claims of independent negligence on their part. This interpretation is consistent with the general rule that clauses which purport to exculpate an indemnitee from liability for its own acts or omissions are not favored in the law. *Jones*, at 520.

Holding dealers responsible for defending against claims of independent negligence is also consistent with the agreement as a whole. Paragraph 13.2 of the agreement requires the *dealer* to indemnify American Honda for expenses incurred defending any claim against the dealer.[5] Thus,

---

[5]Paragraph 13.2 provides in part:

"Upon request of American Honda, Dealer shall indemnify and hold American Honda harmless from any claim, demand or cause of action which may arise or be asserted against American Honda, if such claim, demand or cause of action results or allegedly results from: (a) Dealer's failure to comply, in whole or in part, with any obligation of Dealer under the Agreement; (b) Any actual or alleged negligence, error, omission or act of Dealer in connection with the preparation, repair or service (including but not limited to warranty service) by Dealer of Honda Products; (c) A modification of any Honda Products made by or on behalf of Dealer, except those made pursuant to the express written instruction or with the express written approval of American Honda[.] American Honda shall notify Dealer with reasonable promptness of the existence of any claims and allow Dealer an opportunity toresolve such claims, provided that no resolu-

when read as a whole, it is clear that the agreement was intended to require each party to pay for its own expenses resulting from claims against it.

Furthermore, contrary to the dealers' arguments, nothing in the language of the agreement refutes this interpretation. The agreement states that if any information discloses a possibility of dealer error, the dealer is liable for its own defense. Because of the broad language used in the agreement, a complaint which alleges independent negligence against the dealers is sufficient to qualify as "any information disclos[ing] the possibility of Dealer error". The complaint in the present case clearly alleges independent negligence against the dealers. See page 214.

The agreement further states that if the possibility of dealer error is disclosed, "then Dealer will immediately obtain its own counsel and defend itself, and *American Honda will not be obligated to defend or indemnify Dealer further.*" (Italics ours.) This provision indicates that the dealers were responsible for their own defense on allegations of independent negligence from the time the complaint was filed, regardless of the final outcome of the litigation.

The dealers argue that the provision in the agreement granting American Honda 30 days to investigate the Plaintiff's allegations refutes American Honda's claim that those allegations determine whether there is a duty to defend.[6] They argue that if American Honda could simply rely on the Plaintiff's allegations, this provision would be superfluous. We disagree. American Honda makes a convincing argument that because the agreement is used nationwide and notice pleading does not require details of a plaintiff's claim, in some cases an investigation would be necessary to determine whether the plaintiff was alleging independent negli-

tion or settlement shall be binding on American Honda without its written approval thereof. American Honda may, but shall not be obligated to, tender defense of any such claim, demand or cause of action to Dealer."

[6]This language provides: "American Honda will have not less than thirty (30) days to conduct a reasonable investigation to initially determine whether or not American Honda is obligated to defend".

gence on the part of the dealers or simply "stream of commerce" liability. Here, however, it is clear that stream of commerce liability is not being alleged. As stated *supra*, the complaint clearly alleges claims of independent dealer negligence and therefore no investigation was necessary. Furthermore, nothing in the language of the agreement suggests that American Honda is obligated to conduct an investigation.

The dealers also argue that because they were not found negligent, American Honda had a duty to indemnify them. The dealers cite the following provision in the agreement to support their position: "If, upon final judgment in a lawsuit, it is determined that American Honda wrongfully failed or refused to defend Dealer, American Honda will reimburse Dealer for all costs and attorneys' fees incurred by Dealer from the date of the tender of defense." The dealers claim that under this provision, if upon final judgment it is found that there was no dealer negligence, then American Honda must indemnify the dealer.

We disagree. The dealers' argument presumes that if a dealer prevails over an injured party in a lawsuit, then American Honda wrongfully refused to defend the dealer. However, under the plain language of the agreement, the final judgment in the Plaintiff's lawsuit is not relevant to the question of whether American Honda had a duty to defend the dealers.[7] The agreement specifically states that if *any* information discloses the possibility of dealer error, the dealer is responsible for its own defense.

■ Moreover, even assuming that a judgment of "no dealer negligence" would be sufficient to render American Honda liable under the agreement, there was no such judgment in this case because the dealers settled with Knipschield prior to trial. The only party actually adjudged free

---

[7] We believe that the "final judgment" mentioned in the provision that the dealers cite refers to a judgment which actually declares that American Honda wrongfully failed or refused to defend the dealer, not simply to a judgment absolving the dealer of negligence. Here, the final judgment in the Plaintiff's lawsuit did not resolve the issue of whether American Honda wrongfully refused to defend the dealers.

of negligence was American Honda. Contrary to the dealers' arguments, a lack of any finding regarding negligence does not equal "a finding of no negligence". We conclude that the trial court erred in ordering American Honda to indemnify the dealers.

The orders of the trial court are reversed.

SCHOLFIELD and BAKER, JJ., concur.

Review denied at 124 Wn. 2d 1027 (1994).