[No. 36216-3-II.  Division Two.  April 29, 2008.]

ROBIN NUNEZ, *Plaintiff*, v. AMERICAN BUILDING MAINTENANCE COMPANY WEST ET AL., *Appellants*, MORRIS & MORRIS ET AL., *Respondents*.

346

*Erin H. Hammond* (of *Merrick Hofstedt & Lindsey, PS*), for appellants.

*Lisa A. Liekhus* (of *The Law Offices of Steven L. Abel*), for respondents.

¶1 HUNT, J. — American Building Maintenance Company West (dba ABM Janitorial Services (ABM)), appeals the trial court's denial of its request for attorney fees and grant of Morris & Morris' (dba Morris Properties) motion for summary judgment. ABM argues that the trial court erred by refusing to enforce a contractual indemnification clause against Morris. Interpreting the indemnification clause against the drafter, ABM, we affirm.

## FACTS

### I. BACKGROUND

¶2 ABM provided evening janitorial services to Morris Properties at Morris's office building in Olympia. ABM employees arrived at the property every evening, Monday through Friday, to clean the building's floors and bathrooms.

¶3 ABM drafted its janitorial service agreement with Morris. This agreement contained an indemnification clause, which provided:

Contractor [ABM Janitorial] shall indemnify, defend, and hold harmless Owner [Morris Properties] from loss, liability, cost, or expense (including reasonable attorneys' fees) for bodily injury, death and property damages (hereinafter referred to as

"claim(s)") but only to the extent same are caused by negligence, misconduct or other fault of the Contractor, its agents and employees which arise out of work performed under this Agreement . . . . Contractor shall not be liable for delay, loss or damage caused by . . . causes beyond Contractor's reasonable, control. If Contractor is required to clean or wax floors when being used by employees, customers, tenants or business visitors, Owner shall, notwithstanding Contractor's negligence, and to the full extent permitted by law, indemnify and hold harmless Contractor from claims for injury and death, resulting therefrom. . . . Owner shall indemnify, defend, and hold harmless Contractor from claims for injuries to Contractor's employees and others resulting from the condition of Owner's premises or equipment but only to the extent same are not caused by Contractor's fault.

Clerk's Papers (CP) at 27-28.

¶4 On July 31, 2002, Robin Nunez, a Morris building-tenant employee, stepped on a very small spot of slippery substance just inside a stall in the women's bathroom and fell.[1] The substance was odorless, not oily or powdery, and it did not leave a stain on Nunez's fingers; she insisted the substance was not water or wax. Nunez returned to her office and told her supervisor about the slippery substance. Her supervisor inspected the bathroom, found the small slippery spot on the floor inside the stall, and called the building property manager.

¶5 The building property manager arrived with the maintenance man to inspect the bathroom floor. The property manager could not find the slippery spot. Only after crawling around on the floor and sweeping the surface with his hands did the maintenance man find an unidentified "fine mist" on the floor between the stall partitions. He cleaned up the small misty spot with one paper towel.

---

[1] One deponent estimated that five other women worked in the same office as Nunez and that about four or five other women worked across the hall. All these women had access to the women's bathroom before Nunez fell.

## II. LITIGATION

¶6 On July 28, 2005, Nunez filed a personal injury action against Morris and ABM. She alleged that both Morris and ABM were negligent for (1) failure "to maintain the premise in a safe and proper condition" and (2) using "improper cleaning substances when Defendants knew or should have known that such substances would create a hazardous and dangerous condition." CP at 197-98.

¶7 Both Morris and ABM moved for summary judgment. The trial court concluded that Nunez had failed (1) to show that ABM "had any opportunity to deal with the substance in any way, shape or form" and (2) to prove that if Morris had exercised reasonable care, the substance would have been discovered. Report of Proceedings (RP) (Jan. 12, 2007) at 26-27. Emphasizing that Nunez "does not know what the substance was, does not know how it got there, [and] does not know when it got there," the trial ruled that Nunez lacked sufficient evidence to go to trial, and it granted summary judgment to both Morris and ABM. RP (Jan. 12, 2007) at 25-26.

¶8 Morris and ABM also moved for summary judgment against each other, each seeking to enforce the indemnification clause in their janitorial services agreement for an award of attorney fees. The trial court (1) ruled that Morris could not enforce the indemnification clause against ABM without showing that ABM had acted negligently; (2) ruled that ABM could not seek indemnification from Morris because there was no showing "that the condition of the premises had anything to do with [this case]," RP (Mar. 23, 2007) at 15; (3) denied both defendants' motions for summary judgment; and (4) did not award attorney fees to either Morris or ABM.

¶9 ABM appeals.

## ANALYSIS

### I. No Contractual Indemnification for Attorney Fees

¶10 ABM argues that it was entitled to an award of attorney fees below under the contractual indemnification clause in its janitorial contract with Morris. Disagreeing, we hold that Nunez's factual allegations did not trigger a contractual duty for Morris to indemnify ABM for attorney fees it incurred defending against Nunez's lawsuit.

### A. Standard of Review

¶11 When reviewing a summary judgment, we perform the same inquiry as the trial court. *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 860, 93 P.3d 108 (2004) (citing *Kruse v. Hemp*, 121 Wn.2d 715, 722, 853 P.2d 1373 (1993)). Thus, our review is de novo, and we view all facts in the light most favorable to the nonmoving party. *Vallandigham v. Clover Park Sch. Dist. No. 400*, 154 Wn.2d 16, 26, 109 P.3d 805 (2005) (citing *Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990)).

¶12 Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). Interpretation of contract terms is a question of law. *Pac. Indem. Co. v. Bloedel Timberlands Dev., Inc.*, 28 Wn. App. 466, 468, 624 P.2d 734 (1981) (citing *United Pac. Ins. Co. v. McCarthy*, 15 Wn. App. 70, 72, 546 P.2d 1226, *review denied*, 87 Wn.2d 1005 (1976)).

¶13 Indemnification clauses are subject to the fundamental rules of contractual construction, which require " 'reasonable construction so as to carry out, rather than defeat, the purpose.' " *Cont'l. Cas. Co. v. Mun. of Metro. Seattle*, 66 Wn.2d 831, 835, 405 P.2d 581 (1965) (quoting *Union Pac. R.R. v. Ross Transfer Co.*, 64 Wn.2d

486, 488, 392 P.2d 450 (1964)). Because we construe indemnity clauses realistically, we must address the intent of the parties to allocate the risk of loss or damages arising out of a contract. *Jones v. Strom Constr. Co.*, 84 Wn.2d 518, 520-21, 527 P.2d 1115 (1974). We resolve any ambiguity against the contract drafter. *N. Pac. Ry. v. Sunnyside Valley Irrigation Dist.*, 85 Wn.2d 920, 922, 540 P.2d 1387 (1975).

## B. Contract Interpretation—Triggering of Duty To Indemnify

¶14 ABM argues that the plain language of the indemnity clause in its janitorial service agreement creates a duty for Morris to indemnify ABM for costs incurred in defending against Nunez's lawsuit because the lawsuit arose from "the condition of [the] premises," which Morris owns and controls. Appellant's Reply Br. at 10. Morris counters that (1) the trial court properly found Nunez had failed to present evidence showing that "the condition" of Morris's premises caused her fall and (2) therefore, Morris had no duty to indemnify ABM. Br. of Resp't at 9-17.

¶15 A duty to indemnify generally " 'arises when the plaintiff in the underlying action prevails on facts that fall within coverage.' " *Knipschield v. C-J Recreation, Inc.*, 74 Wn. App. 212, 216, 872 P.2d 1102 (quoting *George Sollitt Corp. v. Howard Chapman Plumbing & Heating, Inc.*, 67 Wn. App. 468, 475, 836 P.2d 851 (1992)), *review denied*, 124 Wn.2d 1027 (1994). The focus of indemnification clauses is on causation, not on negligence. *Cont'l. Cas. Co.*, 66 Wn.2d at 835 (quoting *Buscaglia v. Owens-Corning Fiberglas*, 68 N.J. Super. 508, 515, 172 A.2d 703 (1961)). Under the rules of contractual construction, we resolve any ambiguity in the indemnity clause against the drafter. *See N. Pac. Ry.*, 85 Wn.2d at 922 (citing *Jones*, 84 Wn.2d at 520)). Because ABM drafted the indemnification clause at issue here, we construe any ambiguity in the term "condition of the premises" against it.

¶16 ABM focuses on the "condition of the premises,"[2] namely the small slippery spot on the bathroom stall floor. But triggering the indemnification clause depends on *control* of the circumstances giving rise to Nunez's injury and her resultant lawsuit. In *Parks v. Western Washington Fair Ass'n*, 15 Wn. App. 852, 857, 553 P.2d 459 (1976), we held:

> Though negligence need not be established, . . . there must be some evidence of control by the indemnitor over the instrumentality or conditions causing the accident in order to impose liability to indemnify.

¶17 *Parks* involved a contract between a snow cone concessionaire and Western Washington Fair Association This contract provided that the concessionaire would

> "indemnify and hold harmless the association from any and all claims . . . sustained or alleged to be sustained . . . by any member of the public where such injuries . . . have resulted either directly or indirectly from the activities and business of the concessionaire in connection with this contract."

*Parks*, 15 Wn. App. at 853. Parks was a fair patron who slipped and fell on ice as she was leaving the grandstand. She and her husband sued both the snow cone concessionaire and the fair association. The evidence at trial was insufficient to prove that Parks had slipped on a snow cone. Because there was no evidence that the snow cone concessionaire had *control* over Parks' slip and fall, we reversed the trial court's ruling that the concessionaire was contractually obligated to indemnify the fair association for its

---

[2] ABM's proposed interpretation of the indemnification clause would frustrate the original intent of the indemnification clause's risk allocation by requiring Morris to indemnify ABM for any and all claims arising from accidents on the property, regardless of Morris's degree of control over the circumstances giving rise to such claims. ABM cites multiple Washington cases holding that slippery substances were "dangerous conditions." These cases do not, however, apply here.

Here, the litigation at issue on this appeal is not between the plaintiff, Nunez, and the two defendants; and the issue is not whether the small spot of slippery substance on the bathroom stall floor was a "dangerous condition" of the premises. Rather the litigation below was between the two defendants, ABM and Morris; and the issue on appeal is whether Morris controlled the circumstances that caused Nunez's fall so as to trigger a duty to pay ABM's costs and attorney fees under the indemnification clause in the defendants' janitorial contract.

attorney fees in defending against the Parks' lawsuit. *Parks*, 15 Wn. App. at 857-58.

¶18 Similarly here, Nunez failed to put forth sufficient facts to prove that either defendant (1) had actual or constructive notice of the slippery spot in the bathroom or (2) had caused her fall. The trial court orally[3] found that Nunez failed to establish that either ABM or Morris exercised the requisite degree of control over the small spot of "slippery substance" on the bathroom stall floor, on which she based her negligence claim.[4] Thus, the trial court granted summary judgment to both Morris and ABM and dismissed Nunez's action against them.

¶19 We read the janitorial contract's indemnification clause as dependent on the potentially liable party's "control" of the premises. Therefore, we affirm (1) the trial court's ruling that Nunez's lawsuit did not trigger the indemnification clause and, therefore, that Morris had no duty to indemnify ABM for the costs of defending against Nunez's lawsuit and (2) the trial court's corresponding denial of ABM's request for an award of attorney fees under the contract.

## II. ATTORNEY FEES ON APPEAL

¶20 Both ABM and Morris request attorney fees on appeal under RAP 14.2. RAP 14.2 provides, "A commissioner or clerk of the appellate court will award costs to the party that substantially prevails on review . . . . If there is no substantially prevailing party on review, the commissioner or clerk will not award costs to any party." Because

---

[3] The trial court found "that summary judgment should be granted on behalf of ABM . . . because there's no showing that they ever had any opportunity to deal with the substance in any way, shape or form [or] that there was any breach of duty." RP (Jan. 12, 2007) at 26. The trial court "likewise grant(ed) summary judgment [to Morris because there was] no showing that reasonable care by a property owner would have discovered the substance." RP (Jan. 12, 2007) at 27.

[4] Because ABM failed to assign error to this finding of fact, we treat it as a verity on appeal. *Moreman v. Butcher*, 126 Wn.2d 36, 39, 891 P.2d 725 (1995); RAP 10.3(g).

Morris is the substantially prevailing party on appeal, we award it costs in an amount to be determined by our commissioner upon compliance with RAP 18.1.

¶21 Affirmed.

HOUGHTON, C.J., and ARMSTRONG, J., concur.

Review denied at 165 Wn.2d 1008 (2008).