MORRIS HARDCASTLE *et al.*, *Respondents*, v. GREENWOOD SAVINGS AND LOAN ASSOCIATION, *Appellant.*

*Yothers & Kostakos* and *Robert A. Yothers,* for appellant.

*Stern, Gayton, Neubauer & Brucker, P.S.,* and *Gary D. Gayton,* for respondents.

WALTERSKIRCHEN, J.*—In October 1968, Morris and Helen

---

*Judge F. A. Walterskirchen is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

Hardcastle were the mortgagors and Greenwood Savings & Loan the mortgagee of a 7-unit apartment house in Seattle. The Hardcastles were required under the terms of the mortgage to maintain fire insurance on the property. About two weeks prior to the October 31, 1968, expiration date of the policy which the Hardcastles had maintained in compliance with these terms, Greenwood Savings & Loan telephoned the Hardcastles and asked their permission to secure fire insurance coverage on the apartment house. The Hardcastles agreed and allowed their policy to lapse. Greenwood Savings & Loan had been unsuccessful in replacing the insurance when on December 13, 1968, the apartment house was severely damaged by fire.

In April 1969, the parties had been unable to agree who was responsible for the loss due to the absence of fire insurance. Without waiving their respective rights as to such loss, they entered into a stipulation that the Hardcastles would restore the apartment house in a good workmanlike manner, paying all costs thereby incurred, and that Greenwood Savings & Loan would make available to the Hardcastles sufficient funds for financing the completion of such restoration.

In March 1970, the Hardcastles executed a deed of trust to Greenwood Savings & Loan for $22,500, the bulk of which was used to pay off the current mortgage balance of about $17,400, with the balance of approximately $4,000 applied to the restoration of the apartment house. At the time the stipulation was signed and the deed of trust executed, both parties knew that the cost of repairs would total at least $9,000. When the $4,000 made available to the Hardcastles was insufficient to enable them to complete the repairs, Greenwood Savings & Loan refused to make additional funds available. As a result, the Hardcastles were unable to complete the repairs.

In December 1970, Greenwood Savings & Loan began to foreclose on the deed of trust. In April 1971, the Hardcastles commenced this suit, asking the court to enjoin the

foreclosure, require Greenwood Savings & Loan to supply the additional money needed to complete the repairs, and award damages for loss of income from the premises. After the Hardcastles posted a $10,000 bond, the court issued the requested injunction.

Subsequently, the Hardcastles amended the complaint, asking additional damages for loss of income and for real and personal property destroyed in the fire. Greenwood Savings & Loan cross-complained, asking that it be allowed to proceed with the foreclosure and that it be awarded $12,000 damages for waste and $5,000 attorney fees.

The trial court found that Greenwood Savings & Loan had undertaken to provide fire insurance and that it was negligent when it failed to notify the Hardcastles of its inability to do so, thus depriving them of the opportunity to secure insurance through their own broker. The court awarded damages in the sum of $15,208, plus costs and disbursements.

The court also entered alternate findings of fact and alternate conclusions of law, based upon the Hardcastles' alternate theory of the case, *i.e.*, Greenwood Savings & Loan's breach of its agreement to provide sufficient funds for the necessary repairs. The trial court found that such an agreement had been made and breached by Greenwood Savings & Loan, and entered a conclusion of law that the Hardcastles were entitled to a judgment of $2,991.09, even if the primary finding of negligence was reversed on appeal.

Greenwood Savings & Loan argues that the trial court erred in entering finding of fact No. 10:

> The defendant was negligent in not informing the plaintiff that it was unable to place the insurance and that the insurance had in fact lapsed and that they intended to place the insurance with G. R. Owen Agency, thereby giving the plaintiff an opportunity to either accept this or place it with his own insurance broker.

Greenwood Savings & Loan argues that the trial court's finding that it was negligent is not consistent with finding of fact No. 11:

[T]he G. R. Owen Agency was not negligent.

This does not follow. The Owen agency owed a duty to Greenwood Savings & Loan, but owed no duty to the Hardcastles. On the other hand, Greenwood Savings & Loan itself did owe a duty to the Hardcastles.

■ ■ An insurance agent who undertakes the duty of securing insurance is liable to his principal for the negligent performance of that duty. Any person undertaking to secure insurance for another becomes an insurance agent for that person; his responsibility to observe reasonable care in the performance of that duty is not lessened by the fact that such undertaking is gratuitous. *Estes v. Lloyd Hammerstad, Inc.,* 8 Wn. App. 22, 503 P.2d 1149 (1972); *Hellbaum v. Burwell,* 1 Wn. App. 694, 463 P.2d 225 (1969). The evidence in this case sustains the trial court's finding that Greenwood Savings & Loan undertook to replace the fire insurance, thereby becoming an insurance agent as to the Hardcastles for that purpose. Greenwood Savings & Loan then owed the Hardcastles at least the duty of notifying them that the fire insurance policy had lapsed without being replaced. The finding of negligence is therefore supported by substantial evidence and must be accepted by this court as a verity. *Friedlander v. Friedlander,* 80 Wn.2d 293, 304, 494 P.2d 208 (1972); *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959).

Greenwood Savings & Loan assigns error to finding of fact No. 14:

> The instrument of mortgage required that the plaintiff provide insurance and the defendant would not have approved any insurance policy unless there was full coverage, which would have covered all the fire damage.

The mortgage, exhibit No. 19, did require the mortgagor to provide insurance. Here, evidence indicated that there was insurance in effect at the time Greenwood Savings & Loan undertook to replace the coverage, that Greenwood Savings & Loan had a copy of the policy, and that the Owen agency checked that policy to determine the extent of the coverage. At the time of the fire, the mortgage debt was approxi-

mately $17,400. Immediately after the fire, when the value of the property had been reduced by about $10,000, the Hardcastles placed insurance on the property in the amount of $15,000.

The court is entitled to take judicial notice of the common practice followed by lenders of insisting that insurance coverage be at least sufficient to cover the full amount of the indebtedness. Courts take judicial notice of common knowledge relating to business and loan associations, *Bucsi v. Longworth Bldg. & Loan Ass'n*, 119 N.J.L. 120, 194 A. 857 (1937), and of the operations of businesses. 31 C.J.S. *Evidence* § 28-29 (1964); *Rogstad v. Rogstad*, 74 Wn.2d 736, 446 P.2d 340 (1968).

There was therefore substantial evidence that the fire insurance coverage would have been at least $17,400 and that the Hardcastles would in no event have accepted coverage of less than $15,000. Since both figures are in excess of the actual fire damage to the premises, Greenwood Savings & Loan was not prejudiced by the finding, even if erroneous. Moreover, the finding is sustained by substantial evidence and therefore is binding on this court. *Friedlander v. Friedlander, supra; Thorndike v. Hesperian Orchards, Inc., supra.*

Greenwood Savings & Loan challenges that portion of finding of fact No. 17 reading as follows:

The plaintiff's loss of rentals in 1969 was $400, $650 in 1970, and $650 in 1971.

A review of the evidence shows that this finding is supported at most only by highly speculative testimony which does not amount to more than a scintilla. The trial court therefore erred in entering the challenged portion of finding of fact No. 17. This court has, however, long since repudiated the so-called scintilla of evidence doctrine and has repeatedly held that evidence sufficient to support a verdict must be substantial. *Cox v. Polson Logging Co.*, 18 Wn.2d 49, 138 P.2d 169 (1943), and cases therein cited.

By "substantial evidence" is meant that character of evidence which would convince an unprejudiced, think-

ing mind of the truth of the fact to which the evidence is directed. *Omeitt v. Department of Labor & Industries,* [21 Wn.2d 684, 152 P.2d 973].

*Ruff v. Fruit Delivery Co.,* 22 Wn.2d 708, 720, 157 P.2d 730 (1945).

Greenwood Savings & Loan assigns error to finding of fact No. 24:

It would be unconscionable if the Court had not entered an injunction at the time the defendant attempted to foreclose its deed of trust.

The trial court found that Greenwood Savings & Loan, by its negligent failure to notify the Hardcastles that the fire insurance had lapsed and that Greenwood Savings & Loan had been unable to replace it, deprived the Hardcastles of the opportunity to secure insurance from their own broker, as they did after the fire. The court also found that Greenwood Savings & Loan agreed to supply sufficient funds to the Hardcastles to make the repairs which were necessary to return the building to income producing status and that Greenwood Savings & Loan breached this agreement. The court further found that the Hardcastles did not have other funds to use in making the restoration or to make the payments required by the deed of trust. Therefore, the improper conduct of Greenwood Savings & Loan both created and maintained the conditions which made it impossible for the Hardcastles to comply with the terms of the deed of trust. Under such circumstances, it would have been unconscionable to have allowed the foreclosure to proceed. The finding is therefore supported by substantial evidence.

Greenwood Savings & Loan assigns error to conclusion of law No. 1:

That defendant was negligent and plaintiff's claim for negligence should be granted, which includes judgment in the amount of $15,208.00 together with amount for costs and disbursements . . .

Unchallenged findings of fact entered by the trial court together with the challenged findings of fact which we

have upheld are sufficient to bring this case within the doctrine of promissory estoppel. (1) Greenwood Savings & Loan promised to place insurance on the Hardcastles' property. (2) Therefore, Greenwood Savings & Loan should reasonably have expected to cause the Hardcastles to change their position in reliance on that promise by not placing the insurance through their own broker. (3) The promise did in fact cause the Hardcastles to change their position, allowing Greenwood Savings & Loan to do what they would otherwise have done, *i.e.*, secure insurance themselves. (4) The Hardcastles justifiably relied upon the promise made by Greenwood Savings & Loan in such manner that (5) injustice can only be avoided by enforcement of the promise. *Estes v. Lloyd Hammerstad, Inc., supra; Hellbaum v. Burwell, supra.* The five elements of the doctrine are all met by the evidence in this case.

There remains, however, the question of the amount of damages. The measure of damages for breach of the duty to place fire insurance is the amount that would have been due under the policy if it had been obtained. Annot., 29 A.L.R.2d 203 (1953); *Estes v. Lloyd Hammerstad, Inc., supra; Graddon v. Knight,* 138 Cal. App. 2d 577, 292 P.2d 632 (1956). We are unable to ascertain in what manner the trial court arrived at the figure of $15,208 contained in conclusion of law No. 1, and counsel, during argument, were likewise unable to inform this court. However, finding of fact No. 15 contains the following:

> The amount of $10,785 will be the measure of damages and $1,495.00 for the electrical wiring plus taxes.

This finding will support a judgment of $12,832.60 made up of the two figures stated in the quoted part of finding of fact No. 15 plus sales tax of $552.60. Conclusion of law No. 1 is therefore supported by the findings and is sustained by this court.

■ Greenwood Savings & Loan's brief contains no argument in support of its assignment of error as to finding of fact No. 22 or conclusion of law No. 2. We will therefore

not consider the assignment. *State v. Reader's Digest Ass'n,* 81 Wn.2d 259, 501 P.2d 290 (1972).

Having determined that the Hardcastles are entitled to a judgment on their negligence theory, there is no necessity to review the assignments of error as to the alternate findings of fact and conclusion of law.

Judgment of the trial court is modified by reducing the judgment from $15,208 to $12,832.60, together with the Hardcastles' costs and disbursements and, as modified, is affirmed. Greenwood Savings & Loan's other claims of error are without merit.

Affirmed, in part.

HOROWITZ and JAMES, JJ., concur.

[No. 1718-1.    Division One.    November 5, 1973.]