[No. 10806–6–III.  Division Three.  April 16, 1991.]

STACI McCOY, ET AL, *Appellants*, v. DAIRYLAND INSURANCE COMPANY, *Respondent.*

*David R. Hevel,* for appellants.

*Andrew C. Bohrnsen* and *Lukins & Annis,* for respondent.

THOMPSON, J.—Staci McCoy and Clay Vannoy appeal the summary dismissal of their action for a judgment declaring that a policy issued by Dairyland Insurance Company covers them for damages they suffered in a hit–and–run accident. The court held that Ms. McCoy's execution of an "Underinsured Motorists Coverage Rejection Statement" constituted a rejection of hit–and–run coverage. We affirm.

On August 2, 1989, Ms. McCoy and Mr. Vannoy were injured when a hit–and–run vehicle struck the 1983 Honda Civic in which they were riding at an intersection in Kennewick, Washington. Ms. McCoy is the owner of the Honda Civic, which Dairyland insured.

The endorsement to the Dairyland policy contains an "Underinsured Motorists Coverage Rejection Statement" signed by Ms. McCoy. The statement reads:

I have had the following Underinsured Motorists Coverages explained to me and I fully understand them. I hereby reject such coverages and understand that my policy will not contain the rejected coverages when issued or renewed.

I reject:  X   Underinsured Motorists Bodily Injury
Coverage

X   Underinsured Motorists Property Damage
Coverage

The policy includes in its definition of uninsured motor vehicle "a hit–and–run motor vehicle that strikes you, or a motor vehicle you are occupying, if neither the driver nor the owner can be identified." Nevertheless, in an affidavit, Ms. McCoy attests:

Before I signed this statement, no one explained to me that if I signed this statement that my insurance company, Dairyland, would deny me coverage for injuries I might suffer in a hit–and–run accident.[1] I did understand that I was rejecting underinsured motorist coverage, but I did not understand that Dairyland would interpret this rejection as being a rejection of hit–and–run coverage. I never intended to waive coverage for any injuries I might suffer in a hit–and–run accident.

The appeal presents the following question: Under RCW 48.22.030, is an insured's rejection of underinsured motorists coverage also a rejection of coverage for damages which the insured is legally entitled to recover from the owner or operator of a hit–and–run vehicle?

RCW 48.22.030 reads in part:

(1) "Underinsured motor vehicle" means a motor vehicle with respect to the ownership, maintenance, or use of which either no bodily injury or property damage liability bond or insurance policy applies at the time of an accident, or with respect to which the sum of the limits of liability under all bodily injury or property damage liability bonds and insurance policies applicable to a covered person after an accident is less than the applicable damages which the covered person is legally entitled to recover.

(2) *No new policy or renewal of an existing policy* insuring against loss resulting from liability imposed by law for bodily injury, death, or property damage, suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle *shall be issued* with respect to any motor vehicle registered or principally garaged in this state *unless coverage is provided therein or supplemental thereto for the protection of persons*

---

[1]In this action, Ms. McCoy does not allege that Dairyland is liable for her insurance agent's failure to explain. Instead, she argues that RCW 48.22.030(2) requires coverage for hit–and–run vehicles unless specifically rejected.

> *insured thereunder who are legally entitled to recover dam-*
> *ages from owners or operators of underinsured motor vehicles,*
> *hit–and–run motor vehicles, and phantom vehicles* because of
> bodily injury, death, or property damage, resulting therefrom,
> . . .
>
> . . . .
> (4) *A named insured or spouse may reject, in writing,*
> *underinsured coverage* for bodily injury or death, or property
> damage, *and the requirements of subsection[] (2)* . . . of this
> section shall not apply.

(Italics ours.)

■■ The plain language of RCW 48.22.030(4) is that if the insured rejects underinsured motorists coverage, then the coverage which is legislatively mandated under subsection (2) of the statute, which includes hit–and–run coverage, *shall not apply.* Since the statute is unambiguous, its meaning must be derived solely from its language. *See, e.g., Spokane v. Taxpayers,* 111 Wn.2d 91, 97–98, 758 P.2d 480 (1988); *In re Eaton,* 110 Wn.2d 892, 898, 757 P.2d 961 (1988). Thus, we do not consider Ms. McCoy's and Mr. Vannoy's citations to the "purpose of the statute" and the contract rule of construction that exclusions must be narrowly applied. Their reliance on *First Nat'l Ins. Co. of Am. v. Perala,* 32 Wn. App. 527, 531, 648 P.2d 472, *review denied,* 98 Wn.2d 1002 (1982) is also misplaced. Although the court there noted at page 531 that "uninsured motorist coverage is mandatory unless the insured specifically and unequivocally rejects such coverage", that case did not involve a rejection issue. The issue was whether the uninsured motorists provisions of the insured's policy covered him for injuries sustained as the result of the negligence of an uninsured driver, driving the *insured's* vehicle.

Further, RCW 48.22.030(1) defines underinsured motor vehicle as one for which no liability coverage applies. According to the court in *Signal Ins. Co. v. Walden,* 10 Wn. App. 350, 354, 517 P.2d 611 (1973), *review denied,* 83 Wn.2d 1013 (1974), "[o]ne way to prove the unavailability of liability insurance is to show that all reasonable efforts have been made to ascertain its existence, without success". *See also State Farm Mut. Auto. Ins. Co. v. Matlock,* 462

S.W.2d 277 (Tex. 1970). Because the negligent driver here did not remain at the scene, Ms. McCoy and Mr. Vannoy will never know if the vehicle which hit them was insured. Viewed in this light, a hit–and–run vehicle is included within the definition of underinsured vehicle and a rejection of underinsured motorists coverage also constitutes a rejection of hit–and–run coverage. As stated in 2 A. Widiss, *Uninsured and Underinsured Motorist Insurance* § 36.1, at 65 (2d ed. 1990), "including coverage [in uninsured motorists insurance] for hit–and–run accidents seems to be in accordance with the reasonable expectations of consumers for this insurance."

We therefore hold the plain language of RCW 48.22-.030(4) does not require a separate rejection of hit–and–run coverage when uninsured motorists coverage is rejected.

■ Dairyland requests attorney fees on appeal, pursuant to RAP 18.9(a), contending the appeal is frivolous. However,

> [i]n determining whether an appeal is frivolous and was, therefore, brought for the purpose of delay, justifying the imposition of terms and compensatory damages, we are guided by the following considerations: (1) A civil appellant has a right to appeal under RAP 2.2; (2) all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant; (3) the record should be considered as a whole; (4) an appeal that is affirmed simply because the arguments are rejected is not frivolous; (5) an appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal.

*Millers Cas. Ins. Co. v. Briggs,* 100 Wn.2d 9, 15, 665 P.2d 887 (1983) (quoting *Streater v. White,* 26 Wn. App. 430, 434–35, 613 P.2d 187, *review denied,* 94 Wn.2d 1014 (1980)).

Applying these factors, we conclude the appeal is not frivolous. No prior case has addressed the scope of a rejection of underinsured motorists coverage under RCW 48.22-.030(4). Resolving all doubts in favor of the appellants, we deny Dairyland's request for terms.

Affirmed.

GREEN, C.J., and SHIELDS, J., concur.