[No. 27419-8-I.   Division One.   December 20, 1991.]

ROBERT M. CLEMENTS, *Respondent,* v. THE TRAVELERS INDEMNITY COMPANY, *Appellant.*

*Steven A. Reisler* and *Ogden Murphy Wallace,* for appellant.

*Mark R. Schoener, Gary J. Krohn,* and *Treece, Richdale, Malone, Corning & Abbott, Inc. P.S.,* for respondent.

GROSSE, C.J. — The Travelers Indemnity Company (Travelers) appeals the decision of the trial court on summary judgment that Robert M. Clements (Clements) is covered as an insured under the underinsured/uninsured motorist section of the policy issued to Clements' employer, C.R. Bard, Inc. (Bard).

In September 1986, Clements was injured in the course of his employment while operating a vehicle owned by Bard. He was not at fault. He sustained substantial and permanent injuries. Clements commenced suit against the at-fault driver. She was insured by Safeco Insurance Company and had liability limits of $100,000 on her policy. Clements provided sufficient proof to Safeco that his injuries exceeded the liability amount and the limits of the at-fault driver's policy were tendered in full and the lawsuit dismissed.

Bard is a national company which has a fleet of vehicles in most, if not all, states. As an employee of Bard, Clements was covered by a Travelers insurance policy. The policy in effect at the time of the accident provided in part:

OWNED AUTOS SUBJECT TO A COMPULSORY UNINSURED MOTORISTS LAW. Only those autos you own which, because of the law in the state where they are licensed or

principally garaged, are required to have and cannot reject uninsured motorists insurance. This includes those autos whose ownership you acquire after the policy begins provided they are subject to the same state uninsured motorists requirement.

In the policy, the insured is then referenced to endorsement CA 81, containing a list of states in which the uninsured motorist (UM) coverage applies. The State of Washington has "compulsory" UM coverage, but it can be rejected in writing. *See* RCW 48.22.030(4). The requirement of a written rejection applies to policies issued after July 24, 1983. RCW 48.22.030(4).

During negotiations for insurance Bard was offered UM coverage but Bard specifically intended to reject UM coverage in any state where rejection was possible. No separate or specific waiver form was used for Bard to reject UM coverage for its vehicles registered in Washington. There is no standard rejection form used in this state. However, Travelers claims that UM coverage in Washington was deliberately and obviously excluded by the terms of the policy itself. Clements disagreed and filed a declaratory judgment action requesting that the court find UM coverage available to him. Both Travelers and Clements moved for summary judgment.[1]

At the hearing Clements claimed he was covered under the UM section of the policy because the public policy of mandatory coverage is established under Washington law and Bard did not reject UM coverage in the state. The trial court agreed and ordered that Clements was covered as an insured under the UM section of the policy at issue.[2]

---

[1] Travelers also raised the issue of Clements' standing to claim coverage. Because of our disposition of the case we need not address this issue.

[2] Under RCW 48.22.030(2), an auto insurance company doing business in Washington must offer UM coverage to its policyholders. The UM coverage must be in the same amount as the liability coverage, unless affirmatively rejected. The insured must specifically and unequivocally reject UM coverage. RCW 48.22.030(4). *See Johnson v. Farmers Ins. Co.*, 117 Wn.2d 558, 817 P.2d 841 (1991); *Mutual of Enumclaw Ins. Co. v. Wiscomb*, 97 Wn.2d 203, 210, 643 P.2d 441 (1982) (*Wiscomb* was decided before the statutory requirement of a written rejection was added).

Travelers appeals contending the trial court erred in holding that Bard failed to reject UM coverage. We agree and reverse the decision of the trial court.

The rejection provision of RCW 48.22.030(4) was recently explained in *McCoy v. Dairyland Ins. Co.*, 60 Wn. App. 882, 885, 808 P.2d 180 (1991). There the court stated:

> The plain language of RCW 48.22.030(4) is that if the insured rejects underinsured motorists coverage, then the coverage which is legislatively mandated under subsection (2) of the statute . . . *shall not apply.* Since the statute is unambiguous, its meaning must be derived solely from its language. *See, e.g., Spokane v. Taxpayers*, 111 Wn.2d 91, 97-98, 758 P.2d 480 (1988); *In re Eaton*, 110 Wn.2d 892, 898, 757 P.2d 961 (1988).

The converse is also true; if the insured does not reject the coverage the legislative mandate of UM coverage does apply.

Travelers argues the policy including its declarations is, or serves as the functional equivalent of, a written waiver as required by statute and therefore the trial court erred in finding Bard failed to waive coverage in Washington. We agree.

The declarations of the policy exhibit that liability coverage in the amount of $2 million was provided to any auto used by the insured. The declarations also provide, through the use of the coded symbol CA 81, that UM protection was provided *only* to those autos subject to a compulsory UM law that cannot be rejected. Endorsement CA 81 also states that the UM insurance under the policy applies only in the states indicated, with specific limits as indicated. These liability limits correspond with the minimum UM coverage mandated by those particular states. Washington State is not listed in endorsement CA 81, nor was Washington intended to be included.

Similar language, although admittedly clearer than that included in the endorsement before us, was included in a policy endorsement which has been held to be a rejection of UM coverage. *Weir v. American Motorists Ins. Co.*, 63 Wn. App. 187, 816 P.2d 1278 (1991). The case is instructive. In *Weir* the estate of a Nestle Foods employee sued for UM

coverage under Nestle's policy. The broker/agent of the insured had originally solicited automobile insurance bid proposals covering Nestle's owned and leased cars. Pursuant to Nestle's request, the agent asked for the minimum statutory UM coverage. An endorsement in the procured policy rejected coverage where permitted to do so. On appeal, the estate contended that as a matter of law the statute permitted only the named insured to reject coverage; that Nestle, as the named insured, could not delegate rejection to its agent; and that Nestle's intentions with respect to UM coverage were not important in view of the statutory requirement of specific rejection. The court rejected both arguments indicating the agent could reject and that our courts have long adhered to the rule that a court's duty in construing an insurance contract is to determine the intent of the parties at the time of the contracting. *Weir*, at 192 (citing *Eurick v. PEMCO Ins. Co.*, 108 Wn.2d 338, 340, 738 P.2d 251 (1987)). Here, as indicated in the record before the trial court, Bard's intent is clear. The company did not intend to provide UM coverage in those states where coverage could be declined. Further, Bard did not pay a premium for UM coverage in Washington.

This court is loath to give a technical interpretation to a statute which would obviate the clear intent of an insured. There is no evidence indicating Bard intended any UM coverage in Washington. It is plain that Travelers intended to provide coverage to Bard *if, and only if*, Bard was required to purchase coverage in Washington. We hold the policy as a whole is a sufficient written waiver.

The *Weir* court also held that a bid proposal was sufficient and specific enough to meet the "writing" requirement of RCW 48.22.030(4). It disagreed with a Louisiana decision[3] requiring the existence of a single document signed by the named insured, or authorized representative, precisely rejecting coverage as of a specific date while referring to a specific policy. The *Weir* court found this requirement not to

---

[3]*Roger v. Estate of Moulton*, 513 So. 2d 1126, 1132 (La. 1987).

be persuasive in light of this State's objective to give effect to the insured's intent. *Weir,* at 192.

■ Nor do we find Clements' argument that Washington's public policy of protecting innocent victims is violated by reversal here. As held in the context of motorcycle passenger coverage in *Progressive Cas. Ins. Co. v. Jester,* 102 Wn.2d 78, 81, 683 P.2d 180 (1984), "[s]o long as an insured has the opportunity to purchase passenger coverage from an insurer, the public policy in favor of compensating the victims of negligent driving is not violated." Bard had the opportunity to purchase UM coverage, but rejected it. *See also Johnson v. Farmers Ins. Co.,* 117 Wn.2d 558, 575, 817 P.2d 841 (1991) (holding there is no public policy against the waiver of coverage under RCW 48.22.030).

By holding that Bard rejected UM coverage, this court need not reach the other arguments forwarded by Travelers. We reverse the trial court's denial of summary judgment to Travelers and its grant of summary judgment to Robert Clements. The cause is remanded for proceedings consistent with this opinion.

SCHOLFIELD and WEBSTER, JJ., concur.

Review granted at 118 Wn.2d 1027 (1992).