[No. 28570-0-I. Division One. June 22, 1992.]

NORMAN KOOP, ET AL, *Appellants*, v. SAFEWAY STORES, INC., ET AL, *Respondents*.

[3]The record indicates the prosecuting attorney contracts with the State to handle paternity cases.

*Robert B. Kornfeld,* for appellants.

*Carol J. Molchior, Steven T. Russell, David C. Pearson,* and *Madden & Crockett,* for respondents.

GROSSE, C.J. — Norman and Cynthia Koop appeal a superior court order dismissing their suit against Norman

Koop's former employer, Safeway Stores, Inc. (Safeway), and Safeway's insurer, Unigard Security Insurance Company (Unigard). At issue is whether the Koops are entitled to underinsured motorist (UIM) coverage under the Unigard policy despite Safeway's purported rejection of UIM protection.[1]

Norman Koop was employed as a Safeway truck driver on January 5, 1985, when he was seriously injured in an accident caused by Michael Lewis. Koop received workers' compensation benefits for his injuries and also recovered the $25,000 limits available under Lewis's liability policy. When Koop sought UIM benefits under his own policy, his insurer denied the claim, pointing to a policy provision excluding UIM coverage for vehicles not covered under the liability portion of the policy.

The Koops filed an amended complaint naming both Safeway and Unigard as defendants alleging, *inter alia*, that they were entitled to coverage under the Unigard policy. Included among the documents in the record is a series of letters between Safeway's insurance broker and Unigard regarding the extent and type of coverage Safeway intended to purchase. In April 1979, Safeway's broker noted that policy number CLO78838 indicated various levels of coverage for Safeway and that attached to this file was the standard California uninsured motorist coverage form. The broker expressed concern that he could not find limits of liability for that coverage in other states. He informed Unigard that Safeway did not wish to pay for "these fringe coverages which are totally unessential to them as a corporation". He requested Unigard to

> issue an endorsement, for signature by Safeway, waiving the California Uninsured Motorists coverages. Additionally, if it is possible, please provide an endorsement waiving Uninsured Motorists and/or No Fault Fringe coverages on a blanket "All States" basis.

---

[1]The Koops initially appealed directly to the Washington Supreme Court, which transferred it to this court for consideration in view of *Johnson v. Farmers Ins. Co.*, 117 Wn.2d 558, 817 P.2d 841 (1991).

The broker noted that such a "blanket" waiver might not be possible, and, if not, to "please issue waivers for each state where a waiver is possible."

Unigard prepared an endorsement deleting "the family protection against uninsured motorist-California" and stated, "The policy shall not afford any uninsured motorist or no-fault coverages". Safeway suggested that this second provision include the words, "where waiver of such coverages is permissible under law." Unigard made this revision, and the revised endorsement was accepted by both parties effective July 1, 1979.

Shortly before the policy's 1980 anniversary date, Safeway wrote to Unigard:

> Last year [1979], by Endorsement No. 2B, we stipulated that this policy shall not provide uninsured motorists or no-fault coverages where waiver is permissible.

Safeway noted that Washington had recently adopted a new law concerning underinsured motor vehicle insurance. Safeway expressed concern that "[t]echnically, this new coverage and the potential extreme limits of exposure it presents would not seem to be eliminated by the endorsement which was issued in 1979." Counsel requested Unigard to "issue another endorsement, effective September 1, 1980, specifically for rejection by the Insured of this specific coverage." Unigard complied and in July 1980 Safeway signed an endorsement entitled "EXCLUSION OF UNDERINSURED MOTORIST COVERAGE". This endorsement states: "IT IS AGREED THAT THIS POLICY SHALL NOT APPLY TO ANY UNDERINSURED MOTORIST COVERAGE EFFECTIVE JULY 1, 1980". Unigard policy number CLO78838 remained in effect until 1986. No additional endorsements concerning UIM coverage were issued during that period.

On September 12, 1990, the trial court granted Safeway's motion for summary judgment and dismissed the Koops' complaint against Safeway and Unigard holding that Safeway had waived un(der)insured motorist coverage.

This case turns on a single dispositive question: Whether the rejection by Safeway of un(der)insured motorist cover-

age in 1979 and 1980 was effective to preclude Koop from recovering UIM benefits for an accident occurring in 1985, or whether each policy issued after 1980 was a "new" policy requiring a renewed rejection of coverage under RCW 48.22-.030 to make such rejection effective.

Safeway rejected uninsured motorist coverage in writing in 1979 and UIM coverage in writing in 1980. Thereafter Safeway did not request UIM coverage in writing or otherwise. The Koops nevertheless contend that the Unigard policy effective at the time of Norman Koop's 1985 accident provides him with UIM protection by operation of law.

■ RCW 48.22.030, as enacted in 1967, stated that no new policy or renewal of an existing policy providing automobile liability coverage could be issued in Washington unless the policy either provided a certain level of uninsured motorist protection, or the "named insured" had rejected such coverage. Laws of 1967, ch. 150, § 27. The statute was amended in 1980 to require insurers to require a certain level of "underinsured" motorist protection unless the "insured" rejected it. Laws of 1980, ch. 117, § 1. A 1983 amendment requires the rejection to be made in writing by the "named insured". That provision by its terms applies only to "the original issuance of policies issued after the effective date of this act [July 24, 1983] and not to any renewal or replacement policy." Laws of 1983, ch. 182, § 1. The statute has always provided that, once coverage has been rejected, it "shall not be included in any supplemental or renewal policy unless a named insured . . . subsequently requests such coverage in writing." RCW 48.22.030(4).[2]

The Koops' principal argument is that a "new", as distinguished from a renewal, policy was issued to Safeway in 1983, thus requiring Unigard to provide Safeway with UIM coverage unless Safeway renewed its rejection of coverage in writing. The argument is similar to one recently rejected by the Washington Supreme Court in *Johnson v. Farmers*

[2]The 1967 version of the statute referred to the "named insured", as does the current 1985 version. An interim version in effect from 1980 to 1983 referred only to the "insured". Laws of 1980, ch. 117, § 1.

*Ins. Co.*, 117 Wn.2d 558, 817 P.2d 841 (1991). The policy at issue in that case was originally issued to Larry Johnson in 1963. He married Barbara in 1968. In 1983, Larry modified the liability policy limits and agreed to UIM coverage in an amount less than that required under the statute. After Barbara and Larry separated in 1985, Barbara traded in the insured vehicle, bought another, and arranged coverage for the new vehicle. Coverage was provided in the same amounts and under the same policy number in effect since 1968, although the named insured, the named insured's address, the insured vehicle, and the insurance agent were all different. The court held that the 1985 policy was not a "new" policy and therefore did not require a new waiver of full UIM coverage in order to be effective under Barbara's 1985 policy.

The *Johnson* court adopted a "materiality standard" to distinguish between a new policy and the continuation of an existing policy. *Johnson*, 117 Wn.2d at 571 (citing with approval *Makela v. State Farm Mut. Auto. Ins. Co.*, 147 Ill. App. 3d 38, 497 N.E.2d 483 (1986)). *See also Kerr v. State Farm Mut. Auto. Ins. Co.*, 434 So. 2d 970 (Fla. Dist. Ct. App. 1983). Applying that standard, the court did not deem the changes made to Barbara's policy sufficiently substantial to establish the existence of a new policy. The court's inquiry in *Johnson* was fact specific; thus the court explained:

> While the continuation of the same policy number is not determinative on the issue of whether a policy is new or only a renewal of an existing policy, the fact that no changes in coverage limits are made is consistent with the act of continuation of the policy.

*Johnson*, 117 Wn.2d at 572.

A fact-specific inquiry here likewise does not reveal the changes made to the policy to be sufficiently material to support a conclusion that a new, as opposed to a renewal, policy was issued. In the instant case no lapse occurred in the coverage provided, and the parties, subject matter, and policy number were the same. Coverage too appears to have been maintained at the same levels.

■ It is, moreover, evident from the correspondence between Safeway and Unigard that Safeway intended to waive UIM coverage in Washington,[3] and that an endorsement clearly waiving such coverage was accepted by both parties effective July 1, 1979. A reviewing court's duty in construing an insurance contract is to ascertain the intent of the parties at the time of contracting. *Clements v. Travelers Indem. Co.*, 63 Wn. App. 541, 545, 821 P.2d 517 (1991) (citing *Weir v. American Motorists Ins. Co.*, 63 Wn. App. 187, 192, 816 P.2d 1278 (1991); *Eurick v. PEMCO Ins. Co.*, 108 Wn.2d 338, 340, 738 P.2d 251 (1987)), *review granted*, 118 Wn.2d 1027 (1992). Although it is true that an insurance regulatory statute becomes part of an insurance policy, *Johnson*, 117 Wn.2d at 565 (citing *Blackburn v. Safeco Ins. Co.*, 115 Wn.2d 82, 86, 794 P.2d 1259 (1990)), RCW 48.22-.030 does not negate the manifest intent to waive coverage here. The Koops argue that public policy requires this court to construe the statute broadly, in favor of insureds. The Washington Supreme Court, while recognizing that the statute is indeed protective, has nevertheless concluded that parties may elect to waive the protection it affords, and that "[t]he statute does not impose an absolute duty to provide UIM coverage." *Johnson*, 117 Wn.2d at 575. *See also Clements*, 63 Wn. App. at 546 (citing *Progressive Cas. Ins. Co. v. Jester*, 102 Wn.2d 78, 81, 683 P.2d 180 (1984)). This court will not, in the face of unambiguous statutory language, strain to impose upon employers the obligation to provide UIM coverage for their employees.

■ The Koops contend also that, as additional insureds, they should have been afforded the opportunity to reject

---

[3]The record indicates that Safeway wrote to Unigard, stating:

"Safeway does not wish to expose the special arrangements connected with this policy to losses involving these fringe coverages which are totally unessential to them as a corporation. Please issue an endorsement, for signature by Safeway, waiving the California Uninsured Motorists coverages. Additionally, if it is possible, please provide an endorsement waiving Uninsured Motorists and/or No Fault Fringe coverages on a blanket 'All States' basis. If that kind of blanket waiver is not possible, please issue waivers for each state where a waiver is possible. Perhaps one blanket type agreement listing the appropriate states would do the job."

UIM coverage. Even aside from the holding in *Johnson*, treating one named insured's waiver as effective as to a second, the argument is unpersuasive. As the Washington Supreme Court recently observed, named insureds pay the premiums and purchase the coverage they desire, while "other insureds" like Koop, simply happen to be covered by virtue of the circumstances attending a given accident. *See Blackburn v. Safeco Ins. Co.*, 115 Wn.2d at 89. It would be impractical to impose on insurers the obligation to offer the opportunity to reject UIM coverage to all persons who might, at some future time, become "other insureds" because they are permitted by the named insured to occupy the insured vehicle.

Finally, the Koops argue that Safeway's waiver of UIM coverage was ineffective because there is no evidence that Unigard filed its liability policy form or its waiver forms with the insurance commissioner. Although the Koops correctly cite RCW 48.18.100(1) for the proposition that no form may be used unless it is filed with the commissioner, they fail to cite authority supporting their contention that an insurance contract, or provision thereof, acquires legal effect only upon such filing. If filing were required to give effect to an insurance contract the Unigard policy itself would be without effect depriving the Koops of a policy under which to claim the coverage they seek. Moreover, RCW 48.22.030 itself indicates that the requirement of a written waiver of UIM coverage applies only to policies issued in 1983 and thereafter. Since Safeway waived coverage prior to that time, and subsequent policies merely renewed the coverage initially selected, a writing would not be a prerequisite to establishing a valid waiver here.

The judgment of the trial court is affirmed.

PEKELIS and BAKER, JJ., concur.

Reconsideration denied August 28, 1992.

Review denied at 120 Wn.2d 1022 (1993).