Luis **ALEGRIA**; Maile Alegria, husband and wife, Plaintiffs— Appellants,

v.

**PACIFIC EMPLOYERS INSURANCE COMPANY, a foreign insurance company, Defendant—Appellee.**

No. 04–35834.

United States Court of Appeals, Ninth Circuit.

Submitted June 8, 2006.*

Decided June 14, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Brian Paul Russell, Esq., Seattle, WA, for Plaintiffs–Appellants.

William F. Knowles, Esq., Cozen O'Connor Washington Mutual Tower, Seattle, WA, for Defendant–Appellee.

Before: TALLMAN and BYBEE, Circuit Judges, and HUFF,** District Judge.

MEMORANDUM ***

The facts are known to the parties.

■ In the June 29, 2000, coverage waiver, Best Buy rejected Pacific Employ-

ers Insurance Company's ("PEIC") underinsured motorist ("UIM") coverage "in its entirety." Such a rejection is effective under a plain reading of Wash. Rev.Code § 48.22.030(4) and under *Galbraith v. National Union Fire Insurance Co. of Pittsburgh*, 78 Wash.App. 526, 897 P.2d 417, 420 (1995) (requiring a "specific and unequivocal" rejection). The district court correctly determined that Best Buy effectively waived PEIC's UIM coverage when the coverage waiver was sent to the underwriters on May 29, 2001, irrespective of the alleged acceptance of UIM coverage dated February 15, 2001.

■ Following Best Buy's purchase of Magnolia Hi–Fi ("Magnolia"), Magnolia's coverage under the PEIC policy was subject to Best Buy's earlier waiver of UIM coverage. Consistent with *Koop v. Safeway Stores, Inc.*, 66 Wash.App. 149, 831 P.2d 777 (1992), Magnolia's inclusion under Best Buy's policy did not materially alter Best Buy's policy such that PEIC was obligated to offer UIM coverage to Magnolia; there was no lapse in Best Buy's coverage, and the parties (i.e., Best Buy employees), subject matter, and policy number were the same. Further, Magnolia did not request UIM coverage following its acquisition by Best Buy.

Given the foregoing, the district court did not abuse its discretion in denying Alegria's motion for reconsideration.

The district court's grant of summary judgment in PEIC's favor and denial of Alegria's motion for reconsideration are **AFFIRMED.**

** The Honorable Marilyn L. Huff, District Judge, sitting by designation.
*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.